The appellants sued the appellee, charging that it operated a bus so negligently that the bus struck the car in which they were seated while parked at an open drawbridge, wrecked the automobile, and gravely injured the occupants.
The defendant filed the lone plea of not guilty.
At the trial, after a jury had been sworn in chief and as counsel for the plaintiffs was about to make an opening statement to the jurors outlining the plaintiffs' case, the attorney for the defendant stated to the court that the plea of not guilty would be withdrawn and the plaintiffs would be put "on proof of their damages." There followed colloquies among counsel and the court, and then Judge Wiseheart, in response to plaintiffs' request for a ruling on the effect the withdrawal of the plea would have on the course of the trial, commented, in substance, that in a case of this kind there were two issues, one of negligence and one of damages, and announced that the abandonment of the plea eliminated the first issue and the testimony offered by the plaintiffs would be restricted to that establishing the damages flowing from the admittedly negligent act. Consistent with this decision he declined to let counsel for the plaintiffs introduce evidence of the physical conditions surrounding the collision. Thereupon plaintiffs proffered evidence showing the nature and circumstances of the collision, and when the proffer *Page 850 
was denied, took a nonsuit and an appeal to this court.
It seems to us this was a sensible conclusion on the part of the trial judge. There is now and has been for a long time a deliberate effort on the part of the bench and bar to dispense with all unnecessary procedure in the determination of controversies, not only that the salient points may be made clearer, but that time may be saved in the disposition of ever-mounting litigation. This design is patent from an examination of the order authorizing the trial courts to promulgate a rule governing pretrial procedure and from the rule (No. 16) which will be effective January 1, 1950, in both of which such procedure is contemplated in order that consideration may be given to "(1) the simplification of the issues" and "(3) the possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof."
The benefit to be derived from this effort would be impaired were we to hold that in cases involving personal injuries, although the defendant admitted responsibility, the plaintiff could nevertheless proceed the same as if no such concession had been made. The unwisdom of such a procedure is magnified when we consider the vast amount of litigation presently growing out of automobile collisions. We are all aware that in this state litigation is growing progressively heavier, and if disputes between litigants are to be determined without unusual delay, the courts should seize upon every opportunity to simplify and shorten trials so long as the fundamental rights of the parties are not jeoparized.
In this very case we find a typical instance where time and effort could be saved by eliminating the trial of the issue whether the defendant was at fault or blameless, the defendant having abandoned the plea presenting that issue and having announced in open court that it was accountable for such damages as had been suffered. And we have the idea that in launching the present trial on that course there was no immediate danger to the rights of the plaintiffs.
It might well be that in the progress of taking testimony it would develop that the plaintiff should be allowed to show some phase of the collision to rebut evidence of the defendant, for instance, as to the force of the impact that resulted in the injuries. Should that occur the trial judge might then allow such evidence of the collision as would seem relevant. But this is quite a different matter from permitting the trial to progress from the beginning as if no admission of negligence had been made. It might be to the plaintiff's advantage to show in detail how recklessly the defendant had performed, but, after all, the damages in this case are such as may fairly compensate the plaintiffs and are not to be in their nature punitive, to be varied in accordance with the misconduct of the defendant as shown by the physical facts. It is not primarily what the defendant did, but what he did to the plaintiffs that should be measured in money.
We think the court's decision was wholly consistent with present day trends and not inconsistent with a fair presentation of plaintiffs' case.
Affirmed.
ADAMS, C.J., and TERRELL and ROBERTS, JJ., concur.
 *Page 49