133 So.2d 124 (1961)
Carlos B. SCHOEPPL and Charlotte Schoeppl, his wife, Appellants,
v.
Grace OKOLOWITZ and Fred Okolowitz, her husband, Appellees.
No. 61-46.
District Court of Appeal of Florida. Third District.
September 28, 1961.
*125 Cecyl L. Pickle and Knight, Smith, Underwood & Peters, Miami, for appellants.
Charles F. Lindsay, Miami, for appellees.
Before PEARSON, TILLMAN, C.J., and HORTON and CARROLL, JJ.
PEARSON, TILLMAN, Chief Judge.
The plaintiff, Grace Okolowitz, had stopped her car for a red traffic signal which controlled an intersection in the City of Miami. The defendant, Charlotte Schoeppl, ran her car into the rear of the Okolowitz car. Mrs. Okolowitz and her husband sued Charlotte Schoeppl as driver and Carlos B. Schoeppl as owner for injuries claimed by Mrs. Okolowitz. After appropriate proceedings the trial judge entered a summary judgment for the plaintiffs upon the issue of liability. The case was tried upon the issue of damages for personal injury; no claim was made for damage to the automobile. The defendants appeal from a final judgment entered upon a jury verdict for the plaintiffs and we reverse for a new trial upon the issue of damages only.
In support of their claims, the plaintiffs offered for introduction into evidence as exhibits, the depositions of Dr. Philip I. Burack and Mr. Ernest Oberhanner. In each case the defendants objected to the offer and the objection was overruled. The depositions were marked as exhibits in evidence. Thereafter, all of the Burack deposition and a portion of the Oberhanner deposition were read into evidence. Because counsel agreed that the last part of the Oberhanner deposition was not relevant it was not read. The portion not read included all of the redirect examination of the witness by the plaintiff. During the reading of the depositions, the court struck (upon appropriate motion) several of the answers of each witness.
After the court had completed its charge to the jury, the defendants moved the court to withhold from the consideration of the jury the copies of the depositions which had been marked in evidence. This motion was denied. The depositions were handed to the jury and were taken into the jury room. The defendants assign as error the court's order admitting the depositions as exhibits and the denial of defendants' motion that the copies of the depositions not be sent to the jury room.
Another aspect of the trial is the basis for appellants' second point. The court sustained objections to certain photographs and testimony offered by the defendants upon the ground that they had no relevancy to the issue of damages. The defendants proffered the evidence which they claimed was proper to prove the lack of damaging force in the collision. The photographs were of the car in which the plaintiff, Grace Okolowitz, was riding and purported to show the physical condition of the rear of the car immediately after the accident. If admitted, these photographs would have *126 tended to prove that there was minimal damage to the automobile from the impact of defendants' car. The proffered testimony was by Charlotte Schoeppl as to the type of car she was driving, the speed of her car at the time of the impact and her observation of the lack of a sign of physical damage to either car after the collision. If admitted this testimony would have tended to prove the degree of force of the impact. It is agreed that the trial judge acted upon the basis of the rule in Barton v. Miami Transit Company, Fla. 1949, 42 So.2d 849, discussed below.
We will first discuss whether it was reversible error to admit into evidence irrelevant portions of the depositions. In an early American discussion of the subject, the Supreme Court of Mississippi in Offit v. Vick, 1821, Walker 99, 2 Miss.Rep.Annot. 46 stated the practice at common law as follows:
"At common law, the jury could not take out evidence with them submitted in the cause, unless it was done with the approbation of the Judge, and even then, it would be confined to letters patent, and under seal, and the exemplification of witnesses, in chancery, if dead, but not writings without seal, unless by consent of parties, Coke Little, 411, Croke Elizabeth 411  * *."
The Mississippi court decided to go no further than required by statute of that state which relaxed the rigor of the common law rule to the extent that papers read into evidence were permitted to be taken to the jury room.
A leading case on the subject is Rawson v. Curtiss decided by the Supreme Court in Illinois in 1858 and reported at 19 Ill. 455. In this often-quoted case the court held at pages 480 and 485:
"It is certainly not the policy of the law, to give a superiority to depositions over oral proofs. With the oral proofs, given by witnesses on the stand, the jury must be content, and make up their minds upon it, some of which, important to be remembered, may be  such is the infirmity of the human memory  forgotten. The adversary, having no other than written testimony, contained in depositions, which the jury, taking them with them, can read, discuss, dissect and, if disposed, torture the words from their true meaning, and which are constantly before them, during their deliberations, to operate on them, has a most manifest advantage over him whose proofs are oral, which no rule of law or practice should accord to him. The deposition should be regarded as the living witness speaking from the stand, and as he cannot be taken into the jury room, but only what he has said, so neither should the deposition be so taken, but only the words and facts contained in it, and given out from it, as from the living witness. The parties are then upon equal grounds, the one having no advantage over the other.
* * * * * *
"We think, purity of jury trials  their efficiency, their power to give satisfaction whilst doing justice, will be best promoted by keeping them from temptation; from trespassing on forbidden ground for forbidden food, by withholding entirely from them all depositions, parts of which have been rejected by the court, and even those against which no objection exists, and thus prevent the party, whose case is sustained by depositions, from having an improper advantage over him whose proofs are oral only. This is equality, and equality is equity and justice."
We have reviewed these early cases for their reasoning because we have found no Florida case upon the subject. An examination of the cases cited in an annotation upon the subject at 57 A.L.R.2d 1011 and a review of subsequently decided cases to date convinces us that in the absence of a statute it is generally considered reversible error to allow depositions to be taken to the jury room where the depositions contain inadmissible or unadmitted matter.
*127 The proper practice in this state is indicated by the Florida Rules of Civil Procedure, 30 F.S.A. Rule 1.24(c) clearly requires that depositions must be read.
"* * * All objections made at the time of the examination to the qualifications of the officer taking the deposition, or to the manner of taking it, or to the evidence presented, or to the conduct of any party, and any other objections to the proceedings, shall be noted by the officer upon, or attached to, the deposition. Evidence objected to shall be taken subject to the objection."
In addition, Rule 1.26(c) (1) contains the following language:
"Objections to the competency of a witness or to the competency, relevancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which might have been obviated or removed if presented at that time."
It therefore appears within the intention of the Florida Rules of Civil Procedure that depositions are not evidence until and unless they are read and an opportunity given for the making of objection as to the competency of the evidence therein contained.
We have examined the portions of the depositions which were not read into evidence but were made available to the jury as a written exhibit, and find that the improperly included portions may have influenced the jury in their deliberations. Therefore, the error must be considered harmful and reversible.
Because we find it necessary to remand the case for a new trial, it is advisable that we consider the second aspect of the trial which has been mentioned, that is, did the trial judge err in rejecting evidence tending to prove the force of the impact at the collision?
The ruling of the trial judge appears to have been based upon Barton v. Miami Transit Co., Fla. 1949, 42 So.2d 849, 850. In that case the trial judge declined to allow counsel for the plaintiffs to introduce evidence of the physical conditions surrounding the collision because negligence had been confessed by the defendant. The plaintiff proffered evidence showing the nature and circumstances of the collision and when the proffer was denied, took a nonsuit and appealed. The Supreme Court pointed out that the case was a typical instance where time and effort could be saved by "eliminating the trial of the issue whether the defendant was at fault or blameless". The court expressly limited the application of the rule in the following manner:
"It might well be that in the progress of taking testimony it would develop that the plaintiff should be allowed to show some phase of the collision to rebut evidence of the defendant, for instance, as to the force of the impact that resulted in the injuries."
In the Barton case the Court noted an exception where the plaintiffs should have the right to introduce evidence to show the force of the impact and, in the instant case, it was the defendants who attempted to show the lack of force of the impact. Nevertheless, we find the exception applicable because it would be a strange rule which would allow the plaintiff to show the force of the impact, but would not allow the defendant to show the lack of force of the impact.
The Barton case was followed by Tamiami Trail Tours v. Wooten, Fla. 1959, 47 So.2d 743, 746, where the Supreme Court again referred to the rule and said:
"The appellant now asks whether in this situation the court erred in permitting the appellee to establish the circumstances surrounding the actual wreck instead of restricting her to an account of the injury she suffered.

*128 "We approved a contrary procedure in our opinion in Barton v. Miami Transit Company, Fla., 42 So.2d 849, filed December 23, 1949, after the instant case was tried, pointing out that in the interests of clarity, simplification, and expedition, evidence in a case like this could properly be confined to damage, once the liability had been admitted. Although we sanctioned this method of trial in that case and now again commend it, we cannot say that failure to pursue the course in the immediate controversy resulted in error that was harmful."
The same conclusion was reached by the Supreme Court of Washington in the case of Snyder v. General Electric Company, 1955, 47 Wash.2d 60, 287 P.2d 108, 112, where it was held:
"When the defendant in a negligence case admits liability and contests only the question of damages, he is entitled to have excluded from the testimony all references to the manner in which the accident occurred except such as are relative to the question of damages. (Emphasis added.)
* * * * * *
"Prior to the trial, respondents took the deposition of one of their medical witnesses, Dr. R.R. deNicola. Respondents' examination of Dr. deNicola during the taking of his deposition indicated that one defense would be that appellant could not have been injured as he claimed, in view of his position in the bus. This defense theory was later confirmed by the questions which respondents' counsel asked two other medical witnesses at the trial, Dr. Glen Axford and Dr. C. Don Platner. Appellant was entitled to anticipate or meet this defense by showing the force and direction of the impact which resulted in his injuries. The trial court did not abuse its discretion in permitting this to be done."
We recognize that in each of the cases cited the defendant had admitted liability while in the instant case the plaintiff obtained a summary judgment on the issue of liability. This difference is not a basis for a refusal to admit otherwise admissible evidence. In each case the inquiry must be whether the evidence tendered is relevant to the issue being tried. In this rear-end collision the record reveals that the tendered evidence is relevant to the damages ordinarily sustained from such accidents.
While, as is clear from the Tamiami Trail Tours case, supra, the trial court has a broad discretion as to the conduct of the trial; yet as the Supreme Court held in the Barton opinion, evidence should not be excluded where it is relevant to the issue being tried. The fact that the evidence sought to be introduced would also prove an issue already admitted is not a sufficient ground to exclude the evidence, if it is relevant to a remaining issue. Therefore, upon retrial, any competent evidence tending to prove damages or the lack thereof should be admitted.
Reversed and remanded for a new trial upon the issue of damages.