272 So.2d 19 (1973)
Donald Edward TRAUD and Arthur Legg, Appellants,
v.
Lucia WALLER, Appellee.
No. 72-149.
District Court of Appeal of Florida, Third District.
January 15, 1973.
Rehearing Denied February 5, 1973.
Grover, Weinstein & Stauber, Miami Beach, for appellants.
Robert H. Crary, Jeanne Heyward, Miami, for appellee.
Before PEARSON, CHARLES CARROLL and HENDRY, JJ.
HENDRY, Judge.
Appellant plaintiffs seek review of a final judgment awarding them zero damages, pursuant to a jury verdict entered in their actions for personal injuries sustained as the result of an intersectional collision between the appellee defendant and the appellants.
Appellants, pursuant to the terms of their employment, were riding in an armored truck owned by Wells Fargo when they were struck at an intersection by the appellee's car. At trial, the appellee admitted liability for the accident but issue was raised as to the damages sustained by the appellants. At various times during the trial, appellants sought to introduce into evidence five black and white photographs of the vehicles involved in order to illustrate the "force of impact" of the accident and tending to substantiate the extent of the injuries sustained by the appellants and contested by the appellee. The trial court repeatedly refused to allow the admission of the photographs and refused to allow testimony describing the damage to the vehicles. The appellants' major point on appeal[1] contends that the trial court erred in refusing to allow into evidence the photographs and testimony relating to the force of impact of the vehicles as relevant evidence as to the damages of the appellants, *20 when such damages are at issue. We agree with appellants and reverse with directions for a new trial to be held on the issue of damages.
We are, of course, cognizant that our Supreme Court of Florida has reached a contrary result in the case of Barton v. Miami Transit Co., Fla. 1949, 42 So.2d 849, where the court noted that evidence of physical conditions surrounding such a collision might be excluded by the trial judge when liability was admitted so that a more speedy and expedient handling of such cases could be accomplished. However, the court did note that such a procedure would only be used "so long as the fundamental rights of the parties are not jeopardized." 42 So.2d at 850. Moreover, the court also specifically noted that the rule of the case was not an absolute prohibition of such testimony when it said: (42 So.2d at 850)
"It might well be that in the progress of taking testimony it would develop that the plaintiff should be allowed to show some phase of the collision to rebut evidence of the defendant, for instance, as to the force of the impact that resulted in the injuries. Should that occur the trial judge might then allow such evidence of the collision as would seem relevant."
Thus, in the case of Tamiami Trail Tours v. Wooten, Fla. 1950, 47 So.2d 743, 746 the court allowed the admission of such evidence even while noting:
"We approved a contrary procedure in our opinion in Barton v. Miami Transit Company, Fla., 42 So.2d 849, filed December 23, 1949, after the instant case was tried, pointing out that in the interests of clarity, simplification, and expedition, evidence in a case like this could properly be confined to damage, once the liability had been admitted. Although we sanctioned this method of trial in that case and now again commend it, we cannot say that failure to pursue the course in the immediate controversy resulted in error that was harmful."
This court's holdings in similar cases have also rested upon the facts existing in those particular circumstances. In Katz v. Red Top Sedan Service, Inc., Fla.App. 1962, 136 So.2d 11, we upheld the exclusion of such evidence in a case where the defendant had offered no testimony to refute the evidence of the injured party. Thus, since no issue was raised by the defendant we found it was not error for the trial judge to prevent the admission of further evidence as to the force and impact that caused the injury.
However, in Schoeppl v. Okolowitz, Fla.App. 1961, 133 So.2d 124, we allowed the defendant to introduce evidence of lack of force of impact even after admitting liability. In doing so we stated: (133 So.2d at 127)
"In the Barton case the Court noted an exception where the plaintiffs should have the right to introduce evidence to show the force of the impact and, in the instant case, it was the defendants who attempted to show the lack of force of the impact. Nevertheless, we find the exception applicable because it would be a strange rule which would allow the plaintiff to show the force of the impact, but would not allow the defendant to show the lack of force of the impact."
We, therefore, concluded: (133 So.2d at 128)
"The fact that the evidence sought to be introduced would also prove an issue already admitted is not a sufficient ground to exclude the evidence, if it is relevant to a remaining issue. Therefore, upon retrial, any competent evidence tending to prove damages or the lack thereof should be admitted."
In the case sub judice, the factual pattern is closely akin to that of the Barton case, supra, i.e., the plaintiffs are attempting to introduce evidence and testimony of force of impact to support their claim for damages that is contested by the defendant appellee. We find no difficulty distinguishing this case from the facts in the *21 Katz case, supra, wherein the defendant did not raise an issue as to liability or damages. Thus in the case before us, we are of the opinion that the exception to the Barton rule is applicable and the fundamental rights of the appellants were placed in jeopardy by exclusion of evidence that was both relevant and probative dealing with the issues before the jury  the damages sustained by the appellants.
Therefore, for the reasons stated and upon the authorities cited and discussed, the final judgment herein appealed is hereby reversed and remanded for a new trial.
Reversed and remanded for a new trial upon the issues of damages.
NOTES
[1] The second point raised by appellants dealing with the verdict being contrary to the manifest weight of the evidence need not be dealt with in the instant appeal due to the disposition made of the case based on appellants' first point.