312 So.2d 536 (1975)
James P. GILLS, M.D. and Shelby Mutual Insurance Company, a Foreign Corporation, Appellants,
v.
Peter C. ANGELIS, Appellee.
Nos. 74-1126, 74-1127.
District Court of Appeal of Florida, Second District.
May 14, 1975.
Rehearing Denied June 4, 1975.
*537 Raymond J. Dwyer of Carey, Dwyer, Austin, Cole & Selwood, Miami; Donald R. Powers of Harrison, Greene, Mann, Davenport, Rowe & Stanton, St. Petersburg; and Worth T. Blackwell of Blackwell, Sharman & Mascara, St. Petersburg, for appellants.
Michael J. Freedman of Levine, Freedman & Hirsch, Tampa, for appellee.
GRIMES, Judge.
During the trial of this malpractice action defendants read the deposition of Dr. Deal into evidence. After the jury returned with a verdict for the defendants it was discovered that the deposition had been mistakenly carried into the jury room along with the exhibits. The court granted the plaintiff's motion for a new trial, expressing the view that Dr. Deal's testimony was important and that the plaintiff had been prejudiced as a result of the jurors having the deposition with them during their deliberations.
A jury should not be permitted to take depositions into the jury room because this has the effect of giving superiority to depositions over oral proof. Schoeppl v. Okolowitz, Fla.App.3d 1961, 133 So.2d 124. Therefore, it was error for the jury to have Dr. Deal's deposition. Yet, the critical question is whether the contents of the deposition were important enough to the issues of the case to require a new trial. Not every error committed during the course of a trial warrants the setting aside of a verdict. Tye v. Ruark, Fla.App.2d 1965, 179 So.2d 612.
The issues in the case were sharply drawn. The expert testimony ranged from opinions of gross neglect to proper medical practice. Dr. Deal expressed no opinion either way. He had simply examined the plaintiff on several occasions during the period of time the plaintiff was also being seen by Dr. Gills. His testimony was limited to the results of his examinations. Superficially, the testimony does not appear too significant. However, the purpose for which it was introduced was to impeach the plaintiff's testimony regarding his condition while he was being treated by Dr. Gills. It was significant enough for defense counsel to discuss its effect in closing argument to the extent that reference to Dr. Deal's testimony covers three transcribed pages in the record. Accordingly, we decline to substitute our judgment for that of the trial judge who believed that this testimony was important enough to order a new trial. See Cloud v. Fallis, Fla. 1959, 110 So.2d 669.
Affirmed.
HOBSON, Acting C.J., and SCHEB, J., concur.