668 So.2d 200 (1995)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Tracy PENLAND, Appellee.
No. 94-0950.
District Court of Appeal of Florida, Fourth District.
December 6, 1995.
Rehearing and Rehearing Denied March 6, 1996.
*202 Richard A. Sherman and Rosemary B. Wilder of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, and Henry A. Seiden of Henry A. Seiden, P.A., Boca Raton, for appellant.
Peter M. Bassaline and Robert V. Romani of Farish, Farish & Romani, West Palm Beach, for appellee.
Rehearing and Rehearing En Banc Denied March 6, 1996.
POLEN, Judge.
The appellee Tracy Penland sued the Culhanes and her own underinsured motorist insurance company (State Farm, the appellant), as a result of permanent injuries she allegedly sustained in a motor vehicle accident, when she was a passenger in a vehicle driven by Kristen Culhane. The trial court granted partial summary judgment in favor of Penland on State Farm's seat belt defense and the case proceeded to trial. The case was submitted to the jury with only one question appearing on the verdict form essentially asking the jury to determine whether Kristen Culhane or some unknown third party was negligent in driving the car, and whether the negligence was the legal cause of Penland's injuries. The jury responded to the question in the negative, thus finding in favor of State Farm. However, the trial court granted a new trial as it found that it was error to allow State Farm's kinetics expert, Miles Moss, to testify as to the movement of the occupants of the vehicle, as that was a matter within the common knowledge of the jury. State Farm appeals that determination, as well as the denial of its motion for disqualification of the trial judge, and the granting of summary judgment on its seat belt defense. We affirm the granting of the new trial and the denial of the motion for disqualification. However, we reverse the order granting the summary judgment on the seat belt defense.
The following quote from the order granting motion for new trial forms the basis for the trial court's decision to grant the motion:
During the trial of this proceeding the court permitted defense witness, MILES ELLIOT MOSS, to give opinion testimony as a Transportation Consulting Engineer. He informed the jury that based upon scientific engineering principles, and the examination of physical forces, he was able to determine the Plaintiff's probable location in the automobile at the time of the accident in question. Over objection, he did render such an opinion and placed the Plaintiff in the driver's seat (although he had previously given a sworn opinion that she occupied the front passenger's seat) based not upon an examination of physical forces but upon: (1) where the steering wheel is located in the automobile; (2) where a spider web crack was located on the windshield of the automobile. (3) The nature of the respective injuries of the occupants of the front seats.
The court has examined the testimony in detail and now recognizes it committed prejudicial error in permitting opinion testimony as to matters which were well within the common knowledge of jurors. See sponsors notesF.S. 90.702
Although we may not have granted a new trial on this basis had we been the trial judge, due to the wide discretion afforded the trial court in making such a determination, we are not prepared to say that he abused his discretion in this regard. See Nicaise v. Gagnon, 597 So.2d 305 (Fla. 4th DCA), rev. denied, 604 So.2d 487 (Fla.1992) (trial court has broad discretion in determining whether to grant a new trial and its decision to do so on appeal will not be reversed absent a clear showing of abuse of discretion); Ford Motor Co. v. Kikis, 401 So.2d 1341 (Fla.1981) (if reasonable men could differ as to propriety of action taken by trial court in granting a motion for new trial, then there is no abuse of discretion).
The trial court was correct in its determination that the opinion of an expert should be excluded where facts testified to are of a kind that do not require any special knowledge or experience in order to form a *203 conclusion, or are of such a character that they should be presumed to be within the common experience of all persons moving in the ordinary walks of life. Mills v. Redwing Carriers, Inc., 127 So.2d 453 (Fla. 2d DCA 1961). Based on this rule, it was perfectly reasonable for the trial court to conclude after listening to the witness testify that the facts upon which the expert's conclusion that Ms. Penland was driving the vehicle were based, were within the common knowledge of the jurors. The record does reveal that in spite of Moss's limited testimony as to the movement of the occupants in the vehicle, his actual determination that Ms. Penland was driving was based on where the steering wheel was located, where the spider web crack was located and the nature of the injuries to the two occupants. Specifically, Moss testified that one would expect to see facial lacerations from a spider web crack which was on the passenger side of the windshield. (It was Kristen and not Tracy who had the facial lacerations.) He also testified that Tracy's injuries (left knee and hip) were consistent with her coming in contact with the steering wheel which was deformed. He further testified that there is nothing on the passenger side of the vehicle to come directly in contact with a hip. He also explained that Tracy's left forehead bruise and black eye are consistent with her hitting the metal apell on the driver's side. These deductions were not based on the movement in the vehicle but the location of certain parts of the vehicle. As these are matters which the jury could have used their common sense to infer, we are not prepared to say that the granting of a new trial on this basis was a clear abuse of discretion. It is not absolutely clear whether the jury would have made these same deductions, but the trial court, which had an opportunity to listen to the expert and sit through the trial, was in a better position to make that determination.
The trial court also is afforded wide discretion in determining the admissibility of an expert's testimony, which further supports our reluctance to reverse. State v. Townsend, 635 So.2d 949 (1994). The fact that juries often give much credence to an expert's testimony and opinion also supports the trial court's exercise of discretion in this regard. See Florida Power Corp. v. Barron, 481 So.2d 1309, 1310 (Fla. 2d DCA), rev. dismissed, 488 So.2d 829 (Fla.1986) (recognizing that the importance and validity of the testimony of an expert witness are increased in the minds of the jury; thus allowing an expert to testify to matters of common understanding creates the possibility that the jury will forego independent analysis of the facts when it does not need assistance in making the analysis). Thus, as we conclude that reasonable persons could at least differ as to the propriety of the trial court's action in this regard, we affirm the trial court's decision to grant a new trial. In so holding, we are not precluding the trial court from allowing other testimony from Mr. Moss (or any other expert) on matters that are not within the jurors' common understanding.
We further note that we are unpersuaded by State Farm's reliance on Becker v. Williams, 652 So.2d 1182 (Fla. 4th DCA 1995), which it contends stands for the proposition that the trial court should only grant a new trial when the verdict is clearly, obviously and indisputably wrong. This language was used in Becker as the trial court granted a new trial because it concluded that the jury verdict was against the manifest weight of the evidence. This language has no application to the case at bar, where the trial court granted a new trial based on its determination that a witness should not have been allowed to testify. Thus, our decision to affirm the granting of the new trial remains unchanged by this supplemental authority provided by State Farm.
State Farm also argues that an appellate court cannot reverse a jury's verdict when the form does not list the theory upon which the jury reached its decision. Whitman v. Castlewood Int'l Corp., 383 So.2d 618 (Fla. 1980). See also Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla.1977) (petitioners cannot object to the verdict if they do not object to the general verdict form). The fallacy in this argument espoused by State Farm is that Penland did indeed object to the general verdict form. Thus, again our decision to affirm the granting of a new trial remains unchanged.
*204 We also affirm the trial court's denial of State Farm's motion for disqualification. When ruling on a motion to disqualify, the judge against whom the motion is directed shall only consider the legal sufficiency of the motion, and not pass on the truth of the facts alleged. Hayslip v. Douglas, 400 So.2d 553 (Fla. 4th DCA 1981). If the motion is legally sufficient, the judge shall enter an order of disqualification and proceed no further in the action. Id. at 555. To determine whether a motion to disqualify a judge and its supporting documents are legally sufficient, the court must first turn to the literal requirements of the rule and statute, and the court must also determine whether the facts alleged, which must be taken as true, would prompt a reasonably prudent person to fear that he or she could not get a fair and impartial trial. Id. We do not agree that the following comments made by the trial court were sufficient to prompt State Farm to believe that it would not receive a fair and impartial trial:
THE COURT: You have a very intrigued court here. I assume that is a father sitting here, and I am a father, and you are setting him up to get his daughter a perjury conviction. And I just can't believe that is happening. But anyway, my only job is to make rulings and I have made my rulings, Okay?
. . . .
THE COURT: My comment is just sitting here as a father, I can't believe what is going on, believe me. But that is not my job. My job is to make evidentiary rulings and I have made them all. We are ready to go, Okay?
MR. SEIDEN: Yes, Sir.
THE COURT: If you don't think this court doesn't send people to the state attorney for perjury convictions, I do. Ask around.
. . . .
THE COURT: I am getting back to who was driving the car. You have got the daughter in here saying: I was driving the car. And he is trying to show she wasn't driving the car. Trying to get her to go to jail for five years.
. . . .
THE COURT: I have said more than I should say. Sometimes it is hard to be a bystander and make rulings and wonder and I opened my mouth and it came out. Wish I could take it back, but I can't. If he want [sic] to do that he can do that. Let's bring the jury in.
Excuse me, sir, although you know that you have been sworn, the jury doesn't, so I am going to have you resworn so they see that it happens in their presence.
MR. SEIDEN: I can ask him about Tracy's statement, your Honor, so I am clear?
THE COURT: Sure can.
(Emphasis supplied.) Accordingly, we affirm the trial court's denial of the motion for disqualification.
We do, however, agree that the trial court erred by granting summary judgment on the seat belt defense. The trial court should not have granted summary judgment on the seat belt defense, as Penland relied on an amended version of section 316.614(10), which provides in pertinent part:
A violation of this section shall not constitute negligence per se, nor shall such violation be used as prima facie evidence of negligence or be considered in mitigation of damages, though such a violation may be considered as evidence of comparative negligence in a civil action.
(Emphasis supplied.) This statute, in the above amended form, took effect on October 1, 1990, whereas the accident in the case at bar occurred on September 10, 1990. Thus, as the amendment is substantive and cannot be applied retroactively, this version of the statute should not have been applied. A substantive statute is presumed to operate prospectively rather than retrospectively unless the legislature clearly expresses its intent that the statute is to operate retrospectively. Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352 (Fla.1994). This is especially true when retrospective operation of a law would impair or destroy existing rights. Id. at 1358. Substantive law prescribes duties and rights and procedural law concerns the means and methods to apply and enforce those duties and rights. Id. Clearly a statute affecting a defendant's right to assert the *205 plaintiff's failure to wear a seat belt as evidence of comparative negligence or in mitigation of damages is a substantive right. Thus, it appears that the trial court should have applied the version of the statute that existed before the 1990 amendment took effect on October 1, 1990. This prior version did not contain the bold-faced language in the amendment quoted above, and did not change or affect the assertion of the seatbelt defense under Insurance Co. of N. America v. Pasakarnis, 451 So.2d 447 (Fla.1984). We reverse with directions for the trial court to apply the version of the statute in effect at the time of the accident.
STEVENSON, J., concurs.
WARNER, J., concurs in part and dissents in part with opinion.
WARNER, Judge, concurring in part, dissenting in part.
Matching bodily injuries to automobile damage to ascertain location of individuals in a vehicle at the time of an automobile accident is not necessarily within the common knowledge of jurors, just as the dynamics of injuries where seatbelts are not used are not within the common understanding of juries. See Zurline v. Levesque, 642 So.2d 1169 (Fla. 4th DCA 1994) (citing State Farm Mut. Auto. Ins. Co. v. Smith, 565 So.2d 751 (Fla. 5th DCA), cause dismissed, 570 So.2d 1306 (Fla.1990)). Moreover, in this case the vehicle's occupants testified directly contrary to the testimony of the expert, which the judge determined was "well within the common knowledge of the jurors."
If the expert's testimony was only duplicative of those deductions which the jury could make from the evidence, then there could be nothing prejudicial about the expert's testimony. Even with the wide range of discretion given to a trial judge, I would reverse the order granting a new trial.
I concur that the version of section 316.614(10) prior to the 1990 amendment is controlling in this case.