739 So.2d 710 (1999)
Trudy Nolen BRYANT, as personal representative of the Estate of Phillip Wallace Bryant, and Trudy Nolen Bryant, individually, Appellants,
v.
Larry R. BUERMAN, Appellee.
Nos. 98-2391, 98-2867.
District Court of Appeal of Florida, Fourth District.
September 8, 1999.
*711 Richard A. Sherman and Rosemary B. Wilder of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, and Suzanne P. Mills of Law Offices of Lawrence J. Signori, West Palm Beach, for appellants.
Scott A. Mager and D. Fernando Bobadilla of Kluger, Peretz, Kaplan & Berlin, P.A., Fort Lauderdale, for appellee.
TAYLOR, J.
In this appeal from a judgment in favor of appellee for permanent injuries resulting from an automobile accident, appellants contend that the trial court erred in excluding expert testimony regarding the speed of appellants' vehicle at the time of the collision. We agree and reverse.
Appellee, Larry Buerman, was injured in a rearend collision on I-95 when his automobile was struck by a van driven by appellant's husband, Phillip Wallace Bryant. Buerman subsequently sued appellant's husband and appellant as owner of the van. Appellant's husband died before trial from an illness unrelated to the accident, and appellant, as the personal representative of her deceased husband's estate, was substituted as defendant.
At trial, there was conflicting testimony concerning the speed of the van and the severity of impact at the time of collision. The accident occurred during heavy "stopand-go" traffic on I-95. Just moments before the accident, traffic had come to an abrupt stop. Four vehicles were involved in the accident. Appellant's husband rear-ended appellee and appellee struck the car in front of him, which, in turn, rear-ended a Jeep Cherokee. Appellant, who was a front seat passenger in the van, testified that her husband was traveling slowly at 10 miles an hour or less when he collided with appellee. Appellee, on the other hand, testified that appellant's van was traveling at approximately 45 miles an hour. Appellee based his estimate of the van's speed upon his knowledge and professional experience as a body shop repairman. He testified as follows:

*712 It's hard for laymen to understand the business I do, like probably to understand a lot of the businesses you do. I see collisions every day. I see some that cars are towed away. They come and pick them up and they're totaled. I see cars that are hit nowhere near as hard as my car was, but some people are fine. I see cars that are completely demolished where people can't even walk ...
My car the way the frame rails were, a ten mile an hour hit, all it would have done to my car if it was a ten mile an hour hit, it would have pushed the back bumper into the big energy absorber, and that would have been the minimal damage of the car. But the way my rails were crushed, and my experience and I consider myself a professional, because I've done it for over thirty yearsthis car was hit well over thirty to forty miles an hour to do that kind of damage.
To rebut appellee's speed and impact testimony, appellant offered the expert testimony of Dr. James Ipser, a physicist and accident reconstructionist. Appellant assured the court that Dr. Ipser's testimony would be limited to speed and force of impact of the collision and would not include any testimony regarding the likelihood or extent of appellee's injuries, consistent with the rule in Mattek v. White, 695 So.2d 942 (Fla. 4th DCA 1997) (physicist presented as expert on accident reconstruction and biomechanics was not qualified to give expert opinion that motorist did not suffer permanent injury). The court, nevertheless, granted appellee's motion in limine to exclude Dr. Ipser's testimony, concluding that speed was not an appropriate subject for expert testimony and further finding that there was sufficient lay witness testimony from which the jury could make a determination of speed.
A trial court has wide discretion in determining which matters are proper subjects of expert opinion testimony. See McMullen v. State, 714 So.2d 368 (Fla. 1998); State v. Townsend, 635 So.2d 949 (Fla.1994); State Farm Mut. Auto. Ins. Co. v. Penland, 668 So.2d 200 (Fla. 4th DCA 1995). However, that discretion is not without limits. Nathanson v. Houss, 717 So.2d 114 (Fla. 4th DCA 1998). Generally, an expert should be permitted to testify when his or her specialized knowledge will "assist the trier of fact in understanding the evidence or determining a fact in issue." § 90.702, Fla. Stat. (1997). Conversely, the opinion of an expert should be excluded where facts testified to are of a kind that do not require any special knowledge or experience in order to form a conclusion, or are of such a character that they should be presumed to be within the common experience and knowledge of the jurors. Penland, 668 So.2d at 202.
Appellee cites Lewek v. State, 702 So.2d 527, 532 (Fla. 4th DCA 1997), in arguing that the trial court properly excluded expert testimony on speed upon determining that "the speed of a vehicle is not something that requires expert testimony." Lewek held that a lay witness, who has had ample opportunity to observe a car and estimate its speed, is competent to testify regarding speed, because an estimate of speed "[i]s generally viewed as a matter of common observation rather than expert opinion." Id. at 531, quoting Albers v. Dasho, 355 So.2d 150, 153 (Fla. 4th DCA 1978) (quoting 31 Am Jur.2d, Expert and Opinion Evidence § 157). The issue in Lewek, however, was whether a lay witness was competent to render an opinion on speed, not whether an expert witness was qualified or not to do so. Lewek cannot be interpreted as prohibiting an expert witness from testifying on the estimated speed of a vehicle. In this case, the trial court properly allowed lay witnesses to give estimates of the speed of appellant's vehicle but improperly precluded expert opinion on the subject. An opinion of an accident reconstruction expert witness regarding the speed of a vehicle at the *713 time of an accident is admissible, so long as the expert's testimony is helpful to the jury. Andrews v. Tew By and Through Tew, 512 So.2d 276 (Fla. 2d DCA 1987), rev. denied, 519 So.2d 988 (Fla.1988).
In this case, the expert's testimony regarding speed would have been helpful to the jury. Where relevant to an issue in a case, evidence showing force of impact and speed of vehicles may be admissible. See Barton v. Miami Transit Co., 42 So.2d 849 (Fla.1949); Traud v. Waller, 272 So.2d 19 (Fla. 3d DCA 1973); Schoeppl v. Okolowitz, 133 So.2d 124 (Fla. 3d DCA 1961). The speed of appellant's vehicle at the time of the accident was a highly contested factual issue at trial. Appellee claimed that appellant's van was traveling at 45 miles per hour and as a result of the high speed and impact, he sustained permanent injuries to his back, neck, knee, and hands. In contrast, appellant testified that her van was practically stopped in dense traffic and moving at no more than 10 miles per hour when it collided with appellee's vehicle. She argued that appellee's injuries could not have been caused by the slow-speed, low-impact accident. Rather, appellant contended that appellee's injuries resulted from two previous car accidents and various other physical activities.
The expert's testimony on the issue of speed could have aided the jury in its search for the truth, particularly under the circumstances of this case, where such testimony was not merely cumulative but critical in resolving the factual issues and "leveling the playing field" imbalanced by admission of appellee's testimony that his speed estimate was based upon his "expertise" and thirty years of experience as a "professional" body shop mechanic. Consequently, even given the wide range of discretion afforded a trial judge, we find that the trial court committed prejudicial error in excluding Dr. Ipser's testimony and grant a new trial. We affirm as to all other issues raised on appeal.
AFFIRMED in part; REVERSED in part and REMANDED in accordance with this opinion.
WARNER, C.J., concurs.
KLEIN, J., concurs specially with opinion.
KLEIN, J., specially concurring.
I agree with the majority opinion, but am writing separately to suggest that in reality the result in a case such as this one does not turn on whether a trial court abused its "wide discretion."
I do not question the use of the wide discretion standard in the cases cited by the majority, because in all of those cases the subject of the expert's opinion was controversial. In McMullen v. State, 714 So.2d 368 (Fla.1998), the issue was whether expert testimony was admissible as to the reliability of eyewitness identification. In State v. Townsend, 635 So.2d 949 (Fla. 1994), the issue was whether a psychologist could testify as to the hearsay statements of a two year old in a child sexual abuse case. In State Farm Mutual Auto. Ins. Co. v. Penland, 668 So.2d 200 (Fla. 4th DCA 1995), the issue was whether a kinetics experts could testify as to the movement of the occupants of a vehicle in order to show who was driving at the time of the accident.
In the present case, as the majority opinion shows, it is well settled that an expert in accident reconstruction can render an opinion about the speed of a vehicle and force of impact. Whether that issue can be the subject of expert testimony is not controversial. Under these circumstances, the trial court has little, if any, discretion, and appellate courts will not hesitate to find error. Accordingly, the broad discretion rule is of little help to appellee.