SHAHOOD, J.
This is an auto accident personal injury ease in which lian Wall appeals the trial court’s grant of a new trial on damages following a defense verdict. Appellant, who was the defendant below, raises three points on appeal. He first alleges that the trial court abused its discretion in granting plaintiffs’/appellees’ motion for new trial where the evidence on the issue of causation was disputed. His second point is whether the trial court erred in excluding photographs of the accident. His third point is directed to whether the trial court erred in sustaining plaintiffs’ objection to a physical examination by a neurologist. We affirm the trial court as to issues one and three, and write only to discuss the second issue raised by appellant. ■
The accident in this case was, by all accounts, a relatively minor one. At trial, appellant sought to introduce photographs showing a minimal amount of property damage to one of the vehicles involved. The court sustained appellees’ objections to the photographs, ruling that unless and until appellant could show that the pictures accurately depicted the property damage and that the property damage was relevant to the injuries sustained by appel-lee, Laurie Alvarez, appellant could neither admit the photographs nor discuss the manner in which the accident occurred. We affirm the trial court’s ruling on this issue, holding that while the exclusion of both the photographs and any discussion of the accident was error, such error was harmless based on the facts and record before us.
In this case, the trial court refused to allow appellant to admit into evidence pictures showing minimal damage to ap-pellee’s automobile without also introducing evidence from a biomechanical expert as to the amount of impact necessary to cause Alvarez’s injuries. Photographs may be indicative of force of impact and speed of vehicles, and the jury can then be left to draw reasonable inferences. See Schoeppl v. Okolowitz, 133 So.2d 124 (Fla. 3d DCA 1961).
In Barton v. Miami Transit Co., 42 So.2d 849 (Fla.1949), the Florida Supreme Court first addressed the issue of whether photographs or other evidence tending to show the circumstances of a collision are admissible. In that case, because the defendant had admitted liability for the accident, the court held that for expediency and the sake of simplification, the trial court correctly precluded the introduction of such evidence. Id. at 849-50. The court explained, however, that
It might well be that in the progress of taking testimony it would develop that the plaintiff should be allowed to show some phase of the collision to rebut evidence of the defendant, for in *442 stance, as to the force of the impact that resulted in the injuries. Should that occur the trial judge might then allow such evidence of the collision as would seem relevant. But this is quite a different matter from permitting the trial to progress from the beginning as if no admission of negligence had been made.
Id.' at 850.
Later, in Tamiami Trail Tours v. Wooten, 47 So.2d 743 (Fla.1950), although liability was also admitted, the Florida Supreme Court sanctioned the trial court’s permitting the plaintiff to introduce evidence showing the circumstances of the accident. Id. at 746. Acknowledging and still approving its contrary holding in Barton, the Supreme Court stated, “we cannot say that failure to pursue the course [outlined in Barton ] in the immediate controversy resulted in error that was harmful.” Id.
In this case, the trial court found that appellant would be able to show that the photographs accurately depicted the state of the automobile after the accident, and that they had “some relevance.” The court denied the request to introduce them into evidence, however, after balancing their probative value against the prejudicial effect. Because Alvarez expected her witnesses to testify that the impact did not correlate to the damages sustained, and because the accident involved four vehicles, with Alvarez’s being the first (in the front) and appellant’s being the fourth (in the back), the court found that the prejudicial effect outweighed any probative value.
While the admission of evidence is within the trial court’s discretion, the court’s rulings in this regard must be viewed in the context of the entire trial. Jimenez v. Gulf & Western Mfg. Co., 458 So.2d 58, 59 (Fla. 3d DCA 1984). A trial court’s error in admitting or rejecting evidence may not necessarily constitute harmful error. A judgment will be reversed as a result of evidentiary errors only when it appears that such errors injuriously affected the substantial rights of the complaining party. Forester v. Norman Roger Jewell & Brooks Int’l, Inc., 610 So.2d 1369 (Fla. 1st DCA 1992). Appellant has the duty to demonstrate not only error in improperly admitting evidence, but also prejudice from such admission. Tallahassee Mem’l Reg'l Med. Ctr., Inc. v. Meeks, 560 So.2d 778, 782 (Fla.1990).
Thus, we hold that it was an abuse of discretion for the trial court to preclude the introduction of the photographs in evidence since they were directly relevant to normal injuries usually sustained in the type of accident involved in this case. Despite the fact that liability was conceded in this case, appellant should not have been denied the opportunity to introduce evidence tending to rebut Alvarez’s damage claim. While the photographic evidence might have been prejudicial to appellees, the prejudice did not outweigh their probative value. We therefore hold that, under the circumstances, the error in refusing to allow the photographs in evidence was harmless. That said, however, we caution that because a very different scenario may arise in the new trial, this holding does not prohibit the trial court from considering the admissibility of the photographs in the context in which the issue is raised in the new trial.
We accordingly affirm the granting of the new trial on damages.
AFFIRMED.
TAYLOR, J., and ROTHSCHILD, RONALD J., Associate Judge, concur.