746 So.2d 1129 (1999)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
Milissa T. KIDWELL, George R. Kidwell IV, Than Nguyen and Su Minh Huynh, Appellees.
No. 98-3902.
District Court of Appeal of Florida, Fourth District.
October 13, 1999.
Rehearing Denied December 29, 1999.
Richard A. Sherman of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, and Keith Bregoff of Law Offices of Lawrence J. Signori, West Palm Beach, for appellant.
Robert V. Romani and Peter Bassaline of Law Office of Farish, Farish & Romani, West Palm Beach, for Appellees-Milissa T. Kidwell and George R. Kidwell IV.
TAYLOR, J.
Allstate Insurance Company appeals the denial of its motion for a new trial following a jury verdict for plaintiffs in this personal injury action arising from an automobile accident. Allstate contends that the trial court erred in excluding photographs and testimony relating to the low impact and lack of vehicle damage in the accident. We agree that this evidence was relevant on the issue of damages and reverse with directions for a new trial on damages.
*1130 Appellee Milissa Kidwell, the plaintiff below, was exiting I-95 during evening rush hour traffic when her vehicle was struck from behind by Than Thi Nguyen, the defendant below. Although she was wearing a seatbelt and shoulder harness, appellee said the impact was very hard, causing her chest to strike the steering wheel and her knee to hit underneath the steering wheel. The defendant, however, gave a different description of the force of impact. She said that just before the accident, she was completely stopped behind the plaintiffs vehicle on the exit ramp waiting for cars to exit onto Southern Boulevard. While stopped, she felt an itch in her shoe, like an ant bite, and reached down to scratch her foot. Her foot came off the pedal and she slowly rolled into the plaintiffs car, at approximately one mile per hour, and tapped it.
At trial, the defendant admitted liability for the accident but contested the plaintiffs claim for knee injury damages. She contended that the impact was too minimal to cause the severe knee injury claimed by plaintiff. To prove her theory on lack of causation, the defendant attempted to introduce into evidence photographs of the vehicles and testimony showing that there was no damage at all to the plaintiffs car and very slight damage to the defendant's. Plaintiff protested that it was undisputed that she suffered a knee injury and that the prejudicial effect of photographs depicting no vehicle damage would outweigh any probative value. The defendant countered that this impact evidence was highly relevant to her defense that the plaintiffs knee condition was not the result of the accident but was caused by a genetic or pre-existing degenerative condition. The trial court refused to allow admission of the photographs and testimony about the absence of any damage to the vehicles.
It is well-established that the admissibility of photographic evidence is within the broad discretion of the trial court and its ruling will not be disturbed absent a showing of abuse of discretion. Wilson v. State, 436 So.2d 908 (Fla.1983); Reed v. State, 224 So.2d 364 (Fla. 4th DCA 1969); Phillips v. State, 351 So.2d 738 (Fla. 3d DCA 1977). In arguing that exclusion of the photographs of the vehicles in this case constituted an abuse of discretion, Allstate relies on Traud v. Waller, 272 So.2d 19 (Fla. 3d DCA 1973) and Schoeppl v. Okolowitz, 133 So.2d 124 (Fla. 3d DCA 1961). In those cases, the third district held that it was error to exclude photographs of vehicles involved in an accident when the photographs were relevant to an issue in dispute. In Traud, the appellants were riding in an armored truck owned by Wells Fargo when they were struck by the appellee's car at an intersection. Liability was admitted but an issue was raised as to damages. The court held that photographs and testimony relating to the force of impact of the vehicles was relevant evidence as to the extent of injuries sustained by the appellants. Recognizing its departure from the general rule expressed in Barton v. Miami Transit Co., 42 So.2d 849 (Fla.1949) that "evidence of physical conditions surrounding such a collision might be excluded by the trial judge when liability was admitted so that a more speedy and expedient handling of such cases could be accomplished," the third district noted the supreme court's acknowledgment that this rule was not an absolute prohibition of such testimony. The Barton court stated:
It might well be that in the progress of taking testimony it would develop that the plaintiff should be allowed to show some phase of the collision to rebut evidence of the defendant, for instance, as to the force of the impact that resulted in the injuries. Should that occur the trial judge might then allow such evidence of the collision as would seem relevant.
Id. at 850.
In Traud, the court found that the exception to the Barton rule was applicable and that fundamental rights of the appellants were jeopardized by the exclusion of evidence that was both relevant and probative *1131 on the damages issue before the jury. Similarly, in Schoeppl, the court applied the exception and ruled that photographic and testimonial evidence of lack of force of impact should have been allowed even though the defendant admitted liability. The court reversed and directed the trial court on remand to admit "any competent evidence tending to prove damages or the lack thereof...." 133 So.2d at 128.
In this case, the trial court refused the defendant's repeated requests to admit into evidence photographs and testimony relating to the absence of any damage to the plaintiffs vehicle. Although the defendant admitted liability, she contested the plaintiffs claim that the force of the impact caused the knee injuries necessitating surgery. The parties gave sharply differing descriptions of the impact. Plaintiff testified that the impact was so hard that she dislocated her knee. The defendant, on the other had, described the impact as only a slight bump or tap. Since the photographs providing "force of impact" evidence could have corroborated the defendant's claim that the collision produced only a minimal impact and discredited plaintiffs claim that the accident caused her to bang her knee and require surgery, the trial court should have admitted the photographs and testimony. The relevancy of this evidence on the issue of damages is particularly demonstrated by medical testimony adduced by the defendant. Dr. Penner, the orthopedic surgeon who performed the IME, testified that subluxation and dislocation of the knee could occur in two ways: by a genetic predisposition or a traumatic injury. According to Dr. Penner, a very forceful blow to the knee would be necessary for traumatically induced subluxation. His review of the plaintiffs treating physician's notes revealed that the plaintiff experienced no pain, swelling, bruising, or other symptoms at the time of the accident that would be consistent with a traumatically induced subluxation. Further, a MRI indicated that there was a myxoid degeneration but no traumatic tearing of the knee ligaments, which would normally occur with subluxation. Dr. Penner theorized that knee surgery could have been performed on the plaintiff to correct a pre-existing abnormal patella tracking problem that had led to myxoid degeneration. Thus, contrary to appellees' assertion on appeal, the defendant did present evidence that the plaintiffs knee condition could have resulted from some way other than the accident.
Based on the foregoing, we hold that it was an abuse of discretion for the trial court to exclude admission into evidence of testimony and photographs showing no damage to the vehicles. This evidence was directly relevant to the defendant's theory of the case that the plaintiffs injuries did not result from the minimal impact of the rear-end collision.
The trial court also erred in directing a verdict on the issue of permanency where there was a genuine dispute and jury question regarding whether the plaintiff suffered a permanent injury as a result of the subject automobile accident. See Easkold v. Rhodes, 614 So.2d 495 (Fla. 1993); Weygant v. Fort Myers Lincoln Mercury, Inc., 640 So.2d 1092 (Fla.1994).
Accordingly, we reverse the order denying appellant's motion for a new trial and remand for a new trial on damages.
REVERSED and REMANDED.
SHAHOOD, J., and ROTHSCHILD, RONALD J., Associate Judge, concur.