840 So.2d 423 (2003)
Justin David CHESNOFF, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-1763.
District Court of Appeal of Florida, Fifth District.
March 21, 2003.
*424 Cindy L. Lasky, of Lasky & Ondriezek, P.A., Jacksonville, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Justin Chesnoff appeals his aggravated battery conviction. He argues that the trial court erred by allowing a physician to testify that the victim's injuries were severe, and by providing the jury an instruction on the meaning of the term "great bodily harm." We find no error and affirm.
Chesnoff was charged with one count of aggravated battery causing great bodily harm in violation of section 784.045(1)(a)1., Florida Statutes (2001). Chesnoff, a nineteen-year-old, was at a party also attended by D.C., the fourteen-year-old victim. Without warning, Chesnoff and Seneca, his co-defendant, punched D.C. in the face, knocking him to the ground. Chesnoff and Seneca then kicked D.C. in the head and body fifteen to twenty times while he lay on the ground unconscious. Various witnesses to the incident testified that after the beating, D.C.'s lips were "the size of a banana ... [and] his head was the size of a basketball." D.C.'s face was so swollen that his mother did not recognize him the next morning.
At trial, Dr. Tracey Weiner, the emergency room physician who examined D.C., testified that D.C. had moderate swelling on his face and lips and that his eyes were swollen shut, but that the x-rays and a CT scan of D.C.'s head were both normal. Over defense objection, Dr. Weiner testified that he viewed D.C.'s injury as "severe" because of the facial injuries and D.C.'s loss of consciousness.
*425 The information filed in this case required the State to prove that Chesnoff intentionally or knowingly struck D.C. causing great bodily harm. Because determinations about the extent of a victim's injuries are generally questions of fact left to the jury, see Zellars v. State, 707 So.2d 345, 346 (Fla. 5th DCA 1998), Chesnoff contends that while it was appropriate for Dr. Weiner to testify to the facts, i.e., the victim's actual injuries, it was error for him to characterize those injuries as severe. We disagree.
A trial court has broad discretion in determining the range of subjects on which an expert witness can testify, and, absent a clear showing of error, the court's ruling on such matter will be upheld. McMullen v. State, 714 So.2d 368 (Fla. 1998). While the trial court's discretion is not without limits, an expert is generally permitted to testify when his or her specialized knowledge will "assist the trier of fact in understanding the evidence or in determining a fact in issue." § 90.702, Fla. Stat. (2001). The opinion of an expert should be excluded where the facts or opinions testified to are of a kind that do not require any special knowledge or experience in order to form a conclusion, or are of such a character that they may be presumed to be within the common experience and knowledge of the jurors. See Bryant v. Buerman, 739 So.2d 710, 712 (Fla. 4th DCA 1999); State Farm Mut. Auto. Ins. Co. v. Penland, 668 So.2d 200, 202 (Fla. 4th DCA 1995).
Further, an expert witness may render an opinion on the ultimate issue in a case. Section 90.703, Florida Statutes (2001), provides:
Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it includes an ultimate issue to be decided by the trier of fact.
Dr. Weiner was qualified as a expert in emergency medicine. He used his specialized knowledge to assist the jurors in understanding the extent of the victim's injuries. Dr. Weiner's conclusion was not an opinion of Chesnoff's guilt; rather, it was a medical conclusion as to the severity of D.C.'s injuries. § 90.703, Fla. Stat. (2001). See e.g., Bush v. State, 809 So.2d 107, 119 (Fla. 4th DCA 2002) (a new trial was not warranted because state expert witnesses did not improperly give an opinion as to defendant's guilt; rather, they gave a medical conclusion on the inconsistencies between defendant's reports and the physicians' physical findings); Hamilton v. State, 696 So.2d 914, 915 (Fla. 2d DCA 1997) (in DUI manslaughter case, expert's opinion that defendant was driving eastward was not an opinion of guilt but a permissible opinion based upon the physical evidence available to the jury). Merely because a witness expresses an opinion on an ultimate issue does not compel the jury to find that opinion to be true. Behm v. Div. of Admin., State Dep't of Transp., 292 So.2d 437, 440 (Fla. 4th DCA 1974), approved, 336 So.2d 579 (Fla.1976). The jury was free to reject Dr. Weiner's opinion that the victim suffered a severe injury even though that opinion was unrebutted. E.g., Easkold v. Rhodes, 614 So.2d 495 (Fla.1993) (jury may give expert opinion testimony whatever weight that it finds the testimony deserves); Tolley v. Dep't of Health & Rehabilitative Servs., 667 So.2d 480, 482 (Fla. 5th DCA 1996) (the trier of fact may accept or reject all or any part of an expert's testimony). Consequently, we conclude that the trial court did not abuse its discretion in permitting the examining physician to testify about the severity of the victim's injuries.
Chesnoff also argues that the trial court erred by improperly instructing the jury on the meaning of the term "great *426 bodily harm." A trial court has wide discretion in instructing the jury, and the court's decision regarding the charge to the jury is reviewed with a presumption of correctness on appeal. Carpenter v. State, 785 So.2d 1182, 1199-1200 (Fla.2001). A trial judge is not constrained to give only those instructions contained in the Florida Standard Jury Instructions. Carpenter, 785 So.2d at 1200; Cruse v. State, 588 So.2d 983 (Fla.1991). While it is preferable that a standard jury instruction is given if it adequately explains the law, see, e.g., McGuire v. State, 639 So.2d 1043, 1047 (Fla. 5th DCA 1994), and giving a non-standard instruction that misleads the jury is reversible error, see, e.g., Doyle v. State, 483 So.2d 89, 90 (Fla. 4th DCA 1986), the trial court's decision to give a particular instruction will not be reversed "unless the error complained of resulted in a miscarriage of justice, or where the instruction or failure to give a requested instruction was reasonably calculated to confuse or mislead the jury." Reyka v. Halifax Hosp. Dist., 657 So.2d 967, 969 (Fla. 5th DCA 1995). Thus, absent "prejudicial error," the trial court's decision will not be disturbed on appeal. Card v. State, 803 So.2d 613, 624 (Fla.2001).
In analyzing the instructions given in this case, we conclude that the trial court did not abuse its discretion in providing a definition of the term "great bodily harm." The standard jury instructions provide no definition of great bodily harm. Consequently, the State requested a special instruction defining "great bodily harm" in the context of aggravated battery. Specifically, the State asked the court to define "great bodily harm" as provided in Coronado v. State, 654 So.2d 1267, 1270 (Fla. 2d DCA 1995). The defense objected, conceding that the Coronado definition was not erroneous, but arguing that based on Johnston v. State, 774 So.2d 952, 954 (Fla. 5th DCA 2001), it was unnecessary for the trial court to provide a definition of great bodily harm.
The judge gave the jury the standard instructions for aggravated battery, which required the jury to find that the defendant intentionally touched or struck the victim against his will and, in committing the battery, caused great bodily harm to the victim. Over the earlier defense objection, the judge instructed the jury on the definition of "great bodily injury." Using the definition taken from Coronado, the judge advised the jury that great bodily harm in the context of aggravated battery means "great [harm] as distinguished from slight, trivial, minor or moderate harm and as such, does not include mere bruises as are likely to be inflicted in a simple assault and battery."
"`[W]hat is important is that sufficient instructionsnot necessarily academically perfect onesbe given as adequate guidance to enable a jury to arrive at a verdict based upon the law as applied to the evidence before them.'" Heck v. State, 774 So.2d 844, 845 (Fla. 4th DCA 2000) (quoting State v. Bryan, 287 So.2d 73, 75 (Fla.1973); Avila v. State, 745 So.2d 983, 985 (Fla. 4th DCA 1999)). "If jury instructions, viewed as a whole, fairly state the applicable law to the jury, the failure to give particular instructions will not be error." See CSX Transp., Inc. v. Whittler, 584 So.2d 579, 586 (Fla. 4th DCA 1991). Viewed as a whole, the jury instructions utilized here fairly stated the applicable law.
We find no merit in Chesnoff's other issues.
AFFIRMED.
SHARP, W. and GRIFFIN, JJ., concur.