ON MOTIONS FOR REHEARING, REHEARING EN BANC, AND FOR CLARIFICATION AND A WRITTEN OPINION.

PER CURIAM.
We deny the plaintiffs motions for rehearing and rehearing en banc, but grant the motion for clarification and a written opinion. We withdraw our previously issued opinion and substitute this opinion in its place.
The plaintiff appealed from a defense verdict arising from two separate automobile accidents that were tried together. The plaintiff raised multiple issues, including the exclusion of testimony from the plaintiffs reconstruction expert and resulting prejudice, the use of the defendant’s proposed verdict form, and the denial of his motion for new trial. We affirm on all issues.
*1026 First, the trial court properly excluded the plaintiffs reconstruction expert’s testimony concerning the color of each party’s traffic signal before the accident as speculative. See Bryant v. Buerman, 739 So.2d 710, 712 (Fla. 4th DCA 1999). The court allowed the expert to testify on all other matters concerning speed, stopping distances, and reaction times. Further, any prejudice that resulted from plaintiffs counsel’s decision to advise the jury that the expert would be testifying concerning the color of the traffic lights and then being unable to elicit that testimony, lies in his trial strategy not in any error on the part of the trial court.
Second, the verdict was not contrary to the manifest weight of the evidence. Although the plaintiff testified to property damage to his vehicle, counsel chose not to ask for an instruction on those damages, did not include that element of damage on the verdict form, and chose not to request those damages in his closing argument.
Third, this was a multi-day trial involving two separate automobile accidents for which only partial transcripts were provided to this court for review. The piecemeal transcripts deprived this court of the ability to review the record as a whole. Such record omissions are fatal to an appeal. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979).

Affirmed.

STONE, GROSS, and MAY, JJ„ concur.