CORRECTED OPINION

HUBBART, Judge.
This is an appeal by the plaintiff J.C. Alvarez from an adverse final summary judgment in an action sounding in negligence and invasion of privacy arising from the alleged improper release by the defendants, (1) Tony Cotarelo, individually, and as Clerk of the Circuit Court for the Eleventh Judicial Circuit of Florida, and (2) Janet Reno, as State Attorney for the Eleventh Judicial Circuit of Florida, of the plaintiffs prior criminal record, which had previously been sealed by the circuit court under Section 943.058, Florida Statutes (1991). The final summary judgment was entered based on the doctrines of res judicata and collateral estoppel. We conclude that this was error and reverse.
The plaintiff previously filed a related injunction action against the same defendants to prevent dissemination of the same prior criminal record. This action resulted in a *268 final judgment denying relief on the ground that such record was no longer confidential under the statute because the plaintiff was allegedly “a candidate for employment with a criminal justice agency,” § 943.058(6)(a), Fla. Stat. (1989), as he was then running as a candidate in the Republican primary for the office of Clerk of the Circuit Court for the Eleventh Judicial Circuit, which office, the court concluded, was a “criminal justice agency.” The trial court in the instant case was of the view that this prior final judgment barred the present action for damages. We cannot agree.
This entire matter was never fully litigated in the prior injunction action because the action became moot days after the hearing on the injunction was held when the plaintiff was defeated in the Republican primary for Clerk of the Circuit Court; although a final judgment denying relief was entered subsequent to this election defeat, the trial court on rehearing entered an order prohibiting any further disclosure of the plaintiffs criminal record. Given this post-judgment order, we dismissed the plaintiffs appeal from the final judgment as the entire question of whether an injunction should issue was moot — although two of the three appellate judges in the case expressed views in separate opinions indicating that the final judgment was erroneous. Alvarez v. Reno, 587 So.2d 664 (Fla. 3d DCA 1991) (Goderich, J., concurring) (Baskin, J., dissenting). Where, as here, a party, without fault on his/her part, is prevented from obtaining appellate review of an adverse final judgment because the controversy has become moot based on intervening events — the final judgment has no res judicata or collateral estop-pel effect, as the matter has not been fully litigated and determined. R & S Partnership v. Martin Schaffel Enters., Inc., 529 So.2d 794 (Fla. 3d DCA 1988) and authorities collected; 46 Am.Jur.2d Judgments § 464 (1969).
It therefore follows that the final judgment in the prior injunction action cannot bar the instant action for damages based on the doctrines of res judicata or collateral estoppel because the plaintiffs appeal from this judgment became moot due to intervening events which were in no way caused by the plaintiff; accordingly, the issue of whether the subject criminal record was improperly released by the defendants was never fully litigated and determined in the prior injunction action. We conclude that the trial court was in error in ruling to the contrary.
Moreover, we find no merit in the defendant Tony Cotarelo’s fall-back argument that the final summary judgment is sustainable as to Cotarelo individually based on grounds of immunity under Section 768.-28(9)(a), Florida Statutes (1991). In our view, it is a jury question as to whether the defendant Cotarelo was acting “in the scope of his employment” when he allegedly released the plaintiffs criminal record — and, even if he was acting within such scope, whether such action was “in bad faith or with malicious purpose.” §. 768.28(9)(a), Fla.Stat. (1991).
The final summary judgment under review is reversed and the cause is remanded to the trial court for further proceedings.
Reversed and remanded.