STONE, C.J.
We affirm a summary judgment entered in favor of the defendants on the basis of collateral estoppel in this action for misrepresentation.
Appellant, Club and Community Consulting Corporation (“Club”), was the plaintiff. Brown was the defendant, along with his employer Maekey/Krumm Ventures, Incorporated (“Maekey/Krumm”). Brown was the building manager for a building owned by Sanctuary Centre, Ltd. (“Sanctuary”) in which Club had leased space. In an earlier lawsuit, Sanctuary had sued Club for breach of that lease. Club alleged in this case that it had moved out of the building, and thus, breached the lease, in reliance on misrepresentations by Brown suggesting that Club could terminate its lease early without any ramifications. Club alleged that Brown told Club’s representative, Dan Weilhouwer, at a meeting, “that it would be acceptable to the landlord for Club to vacate the rental premises at the end of March, 1995 and no longer be responsible for rent under the lease,” and that he, Brown, was “authorized by the landlord to permit Plaintiff to vacate the subject premises prior to the expiration of the written lease.”
In the prior case (“Sanctuary litigation”), Club had asserted affirmative defenses based on Brown’s statements to Club. The Sanctuary litigation proceeded to trial with the parties stipulating that the issues for determination were (1) whether the parties agreed that Club would be released, (2) if so, whether the statute of frauds applied, and (3) whether Club breached the subject lease. The trial court, in the Sanctuary litigation, made the following findings of fact regarding the meeting between Brown and Weilhouwer: (1) Brown and Weilhouwer had a meeting, (2) At all times material, Brown acted within the course and scope of his agency as the property manager for Sanctuary, (3) The witnesses were diametrically opposed in their testimony concerning the meeting with Club maintaining that it was verbally released and Sanctuary contending that during the meeting it agreed to retake the property without ending the lease, (4) There was not an agreement between Brown and Weilhou-wer releasing Club from further obligations under the Lease Agreement and the Amendment because Brown and Weil-houwer had no meeting of the minds that Club’s obligations under the lease agreements would end. The court concluded, “Club has not met its burden that there was a verbal release.” The court, therefore, entered a judgment in favor of Sanctuary, awarding it approximately $16,000 for Club’s breach of the commercial lease.
Here, Appellees/Defendants, Brown and Maekey/Krumm, moved for summary judgment, or in the alternative, judgment on the pleadings based on res judicata, collateral estoppel, and elections of action, based on the prior judgment. Because we affirm on the basis of collateral estoppel, we need not address Appellees’ other claimed defenses.
Appellant asserts that Brown was not a named party to the prior action; therefore, there is no identity of the parties, an element of collateral estoppel. Appellee, however, points out that Appellant waived this argument by acknowledging at the hearing on the motion that this prong of collateral estoppel was satisfied and, further, that Brown was acting as agent for Sanctuary at all material times.
*824 At the hearing on the motion, Appellant stated, “There’s several requirements ... you have to have and [sic] identity of the parties. We have identity of the parties we are not going to argue that.” We need not decide whether the identity of parties element has been sufficiently met here, because Appellant waived the issue by telling the trial court that the identity of the parties prong was satisfied.
The Sanctuary case went to trial on the stipulated issue of “[w]hether the parties verbally agreed that Defendant would be released from the subject lease agreement upon Defendant’s surrender of the premises to landlord.” On that issue, the trial court found that the testimony of Brown and Weil-houwer was diametrically opposed, and the court made the following finding of fact:
18. After reviewing all the relevant testimony of the parties and witnesses and the relevant exhibits, the Court finds that there was not an agreement between Brown and Weilhouwer releasing Club from further obligations under the Lease Agreement and the Amendment as there was no meeting of the minds between Brown and Weilhouwer that Club’s obligations under the lease agreements would end.
(emphasis added) The only reasonable interpretation of the court’s finding “there was not an agreement between Brown and Weil-houwer releasing Club from further obligations under the Lease Agreement” is that Brown did not tell Weilhouwer that Club would be released with no further obligations. The application of collateral estop-pel does not require that the entire claim have been previously litigated, only that an issue have been litigated.
Therefore, the judgment is affirmed.
GUNTHER and WARNER, JJ., concur.