745 So.2d 349 (1999)
SENTRY INSURANCE, a Mutual Company, Appellant,
v.
FCCI MUTUAL LIFE INSURANCE COMPANY, Dawnlyn Murphy; Max Davis & Associates of South Florida, Inc., a Florida corporation, P.B., Ltd., a Florida Limited Partnership, Stiles Property Management Company, a Florida corporation, and Uniprop, Inc., d/b/a Max Davis Associates, Appellees.
Nos. 98-3173, 98-3200.
District Court of Appeal of Florida, Fourth District.
August 18, 1999.
Rehearing Denied December 23, 1999.
Geralyn M. Passaro of Peters Robertson Damahy Parsons Mowers Passaro & Drake, P.A., Fort Lauderdale, for appellant.
Edna L. Caruso of Caruso, Burlington, Bohn & Compiani, West Palm Beach, and Timothy H. Kenney, P.A., Palm Beach, for appellee Dawnlyn Murphy.
Marlene S. Reiss and David C. Miller of Stephens, Lynn, Klein & McNicholas, P.A., Miami, for appellee FCCI Mutual Insurance Co.
ROTHSCHILD, RONALD J., Associate Judge.
Appellant Sentry Insurance (Sentry) sued appellee FCCI Mutual Life Insurance Company (FCCI) to determine its obligation to defend and indemnify its insured Max Davis & Associates of South Florida (Max Davis) and Uniprop, Inc., d/b/a Max Davis Associates (Uniprop) from a claim for personal injuries arising out of a slip and fall accident in Case No. CL 93-8296 AO, Dawn Murphy v. Max Davis Associates of South Florida, Inc., et al. (MURPHY LITIGATION). At issue in the underlying case is which of those entities was Dawn Murphys employer at the time of the accident, so as to be entitled to workers compensation immunity.
FCCI issued its policy of Workers Compensation and Employer Liability Coverage to two different insureds: Uniprop and Max Davis. Sentry issued a general commercial business liability policy *350 to Max Davis and Uniprop. Both Sentry and FCCI provided a defense to these defendants in the MURPHY LITIGATION.
Sentry and FCCI filed cross-motions for summary judgment. The trial court entered summary judgment in favor of FCCI pursuant to the parties' stipulation that there were no genuine issues of material fact, and ruled as a matter of law that Uniprop was the employer of Dawn Murphy on the date of her accident. The court further found that Max Davis was not an employer of Dawn Murphy and thus not entitled to workers compensation immunity. Finally, the court found that FCCIs policy issued to Max Davis provided coverage to employers for bodily injuries sustained only by employees of the insured, whereas the policy issued by Sentry provided general premises liability coverage for its insured. Based on those findings, the court concluded that although FCCI owed no duty to defend Max Davis because it was not the plaintiffs employer at the time of the incident, Sentry did have such a duty and was required to indemnify Max Davis in the MURPHY LITIGATION pursuant to its commercial liability policy.
The liability of the parties actually became fixed when the trial court in the MURPHY LITIGATION granted FCCIs motion for summary judgment finding that Uniprop was the employer of Dawn Murphy on the date of her accident. The doctrine of collateral estoppel applies to an insurer who is in privity with its insured and whose interests were not antagonistic to the insureds in the underlying suit. See Southeastern Fidelity Ins. Co. v. Rice, 515 So.2d 240, 242 (Fla. 4th DCA 1987). Thus, collateral estoppel precludes Sentry from re-litigating Max Daviss employment status. Specifically, Sentry is collaterally estopped from re-litigating the plaintiffs employment status because Sentry was in privity with Max Davis in the underlying suit when the employer issue was litigated and decided. In addition, Sentry was present at the underlying action and provided argument in support of Max Davis position. Therefore, Sentry should be bound by the previous determination, not simply by virtue of its privity with the insured, but due to its own presence and participation in the underlying action.
Having settled the employer issue, the trial court then correctly determined that it was Sentrys duty to defend Max Davis, pursuant to its coverage of general commercial premises liability injuries. The trial court correctly entered summary judgment in FCCIs favor.
AFFIRMED.
SHAHOOD and TAYLOR, JJ., concur.