780 So.2d 180 (2001)
John J. HOLT, Appellant,
v.
BROWN'S REPAIR SERVICE, INC., d/b/a Brown's Repair Service; James Brown, individually; Edward L. Dygert; and Dean Ramos, Appellees.
No. 2D99-4998.
District Court of Appeal of Florida, Second District.
January 24, 2001.
*181 Charles R. Mayer, Highland City, for Appellant.
Jean M. Henne, Winter Haven, for Appellee.
ALTENBERND, Acting Chief Judge.
John J. Holt appeals an order granting dismissal with prejudice of his circuit court complaint, which sought to recover for the conversion of a 1982 Harley Davidson motorcycle. The trial court dismissed the action against Brown's Repair Service, Inc., James Brown, Edward L. Dygert, and Dean Ramos, believing that a county court replevin action served as res judicata to bar this lawsuit. The county court action had sought recovery of specific pieces of the motorcycle from Mr. Ramos. In that action, Mr. Holt had elected to obtain a monetary judgment in lieu of those motorcycle parts. Although the prior judgment may limit Mr. Holt's remaining claim, we conclude that it does not bar the entire action. Accordingly, we reverse the order of dismissal and remand for the entry of an order dismissing the complaint with leave to amend.
The record in this matter contains only the complaint, a motion to dismiss, a few pleadings from the county court action, and the order of dismissal. From these documents, it appears that Mr. Holt owned a 1982 Harley Davidson motorcycle. In 1997, he took it to Mr. Brown's shop for some repair work. The two men were friends. Mr. Holt thought the work would be performed on some reduced cost basis, perhaps in exchange for some carpentry work.
As the work progressed, the motorcycle was transformed into a pile of parts. Mr. Ramos, who initially worked for Brown's Repair Service and later ran his own painting business at the same location, suggested that Mr. Holt should allow him to paint some of the parts with a special paint. Mr. Holt agreed. Thus, the motorcycle became two piles of parts-one in need of paint and the other merely in need of repair.
Over time, the friendship dissolved and the piles of motorcycle parts disappeared. Mr. Holt filed a pro se complaint for replevin against Mr. Ramos in county court seeking recovery of thirteen specific motorcycle parts. Mr. Ramos filed a counterclaim seeking payment for his painting services. Although a writ of replevin was issued, the parts were never recovered and eventually Mr. Holt obtained a monetary judgment in the amount of $3,457.07 against Mr. Ramos for the value of the specified parts. Mr. Ramos obtained a separate award of $1,085.60 as the value of the services that he rendered to the missing parts. Neither party appealed these judgments.
Thereafter, Mr. Holt filed this lawsuit in circuit court alleging conversion of the motorcycle. The trial court dismissed the action, believing that the replevin action created a res judicata bar. We first note that res judicata is rarely a matter that is properly resolved on a motion to dismiss. See Byrd v. City of Niceville, 541 So.2d 696, 698 (Fla. 1st DCA 1989) (holding that "[t]he issue of res judicata is an affirmative defense, and affirmative defenses cannot be raised in a motion to dismiss unless the allegations of a prior pleading in the case demonstrate their existence"). Assuming Mr. Holt waived this procedural issue, we are not convinced that this action is so barred. In order for the doctrine of res judicata to bar a subsequent suit, four identities must exist: (1) *182 identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties; and (4) identity of the quality or capacity of the persons for or against whom the claim is made. See State Street Bank & Trust Co. v. Badra, 765 So.2d 251, 253 (Fla. 4th DCA 2000).
Even for the doctrine of collateral estoppel to apply, an identical issue must be presented in a prior proceeding; the issue must have been a critical and necessary part of the prior determination; there must have been a full and fair opportunity to litigate that issue; the parties in the two proceedings must be identical; and the issues must have been actually litigated. See Department of Health & Rehabilitative Servs. v. B.J.M., 656 So.2d 906 (Fla. 1995); Acadia Partners, L.P. v. Tompkins, 759 So.2d 732, 738 (Fla. 5th DCA 2000).
In this case, the county court action was a replevin of specific motorcycle parts in Mr. Ramos's possession. The circuit court action seeks damages for loss of the entire motorcycle, or all of its parts, from parties in addition to Mr. Ramos. There is not an identity of the thing sued for in these two actions and the parties are not identical. We recognize that Mr. Holt's decision to obtain the monetary judgment for specific parts may well limit his action to one for the remaining parts, or require some offset for that judgment. It may also limit or bar his recovery against Mr. Ramos. Nevertheless, it is not a complete bar to this action warranting a dismissal on the pleadings.
Reversed and remanded.
WHATLEY and STRINGER, JJ., concur.