GROSS, J.
James Atria appeals a final summary judgment dismissing his case against ap-pellees, real estate brokers or salespersons Sheryl Hodor, Joan Sher, and St. Joe Real Estate Services, Inc. d/b/a Prudential Florida Realty. We reverse, because the dismissal of Atria’s earlier suit did not foreclose the cause of action raised in this case.
In March, 1999, Atria filed a second amended complaint against Stephen and Patricia Lisenby, claiming that the Lisen-bys failed to disclose material information about the residential lot they sold to Atria. *1230 See Johnson v. Davis, 480 So.2d 625 (Fla. 1985). The trial court granted the Lisen-bys’ motion to dismiss with prejudice. Atria appealed, but voluntarily dismissed the appeal pursuant to a settlement.
In September, 2000, Atria filed a complaint against the appellees in this case. The complaint alleged that appellees were real estate brokers or salespersons involved in Atria’s purchase of the residential lot from the Lisenbys. Although the complaint is not clear,[1] it appears to state a claim for fraudulent misrepresentation concerning restrictive covenants or zoning requirements.
Citing to the dismissed Lisenby case, appellees moved for summary judgment on the ground that the case against them was barred by res judicata, estoppel by judgment, and law of the case. The trial court granted their motion and entered a final judgment against Atria.
In Holt v. Brown’s Repair Service, Inc., 780 So.2d 180 (Fla. 2d DCA 2001), the second district found:
[F]or the doctrine of collateral estoppel to apply an identical issue must be presented in a prior proceeding; the issue must have been a critical and necessary part of the prior determination; there must have been a full and fair opportunity to litigate that issue; the parties in the two proceedings must be identical; and the issues must have been actually litigated.
Id. at 182.
Appellees were not parties to the Lisenby lawsuit. Nor were they in privity with the Lisenbys such that estoppel prevents the current action from proceeding against them. “To be in privity with a party to the prior litigation, [for purposes of collateral estoppel,] ‘one must have an interest in the action such that she will be bound by the final judgment as if she were a party.’ ” O’Brien v. Fed. Trust Bank, F.S.B., 727 So.2d 296, 298 (Fla. 5th DCA 1999) (quoting Stogniew v. McQueen, 656 So.2d 917 (Fla.1995)). Had the Lisenbys been liable for their fraudulent non-disclosure in the first lawsuit, the appellees would have had no obligation to indemnify the Lisenbys, nor would they necessarily have been liable to Atria.
This case is therefore distinguishable from Sentry v. FCCI Mutual Life Insurance Co., 745 So.2d 349, 350 (Fla. 4th DCA 1999), cited by appellees. There, we applied collateral estoppel against an insurance company whose insured had not prevailed on an issue in the underlying lawsuit. Unlike the appellees in this case, the insurance company’s liability was de-pendant solely on the liability of its insured, which was established by the earlier action.
If appellees made fraudulent misrepresentations in their capacity as real estate professionals, they would be liable for them apart from anything the sellers said, did, or failed to do. Appellees’ liability was not foreclosed by the dismissal of the case against the sellers of the lot in the earlier lawsuit.
Law of the case has no application here. That doctrine bars reconsideration of an issue previously reviewed on the merits. See Ameriseal of N.E. Fla., Inc. v. Leiffer, 738 So.2d 993, 994 (Fla. 5th DCA 1999). Appellees’ liability for their *1231 fraudulent misrepresentation has never been litigated.
REVERSED.
POLEN, C.J., and WARNER, J., concur.

. Because it is not at issue in this appeal, we do not reach the question of whether the complaint pled fraud with the particularity required by Florida Rule of Civil Procedure 1.120(b). See Flemenbaum v. Flemenbaum, 636 So.2d 579, 580 (Fla. 4th DCA 1994)(ob-serving that ''[w]here fraud exists, it is not so subtle a concept that it cannot be described with precision”).