[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10806
Non-Argument Calendar
_____

D.C. Docket No. 6:10-cv-00979-CEH-GJK

LARRY THOMPSON,

Plaintiff-Appellee,

JUDITH THOMPSON,

Plaintiff,

versus

SCOTT MOSTERT,
a City of Melbourne Police Officer,
in his individual capacity,
RACHANEE SMOAK,
a City of Melbourne Police Officer,
in his individual capacity,

Defendants - Appellants,

CITY OF MELBOURNE, FLORIDA,
a municipal corporation incorporated
in the State of Florida,

                                                              Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 12, 2012)

Before MARCUS, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Officers Scott Mostert and Rachanee Smoak appeal the denial of qualified immunity against Larry Thompson's complaint of false imprisonment and excessive force. See 42 U.S.C. § 1983. The district court ruled that genuine issues of material fact barred summary judgment based on qualified immunity. We affirm.

Thompson complained that Mostert and Smoak lacked probable cause to arrest Thompson for obstructing justice without violence. See Fla. Stat. § 843.02. Thompson alleged that he was arrested for questioning the reason for his son's arrest and that the officers used excessive force during the arrest. The officers moved for summary judgment based on qualified immunity on the grounds that

2

they had probable cause to arrest Thompson and did not use excessive force.

The district court did not err when it ruled that Mostert and Smoak were not entitled to qualified immunity. The record reveals genuine issues of material fact about whether the officers had arguable probable cause to arrest Thompson for obstructing justice, see Davis v. Williams, 451 F.3d 759, 764–67 (11th Cir. 2006), and whether the officers used excessive force to effectuate the arrest, see Fils v. City of Aventura, 647 F.3d 1272, 1288–92 (11th Cir. 2011). On the one hand, the officers averred that Thompson obstructed their investigation and resisted arrest. On the other hand, Thompson testified that the officers agreed for Thompson to approach his son, who was handcuffed and sitting at the end of the driveway, and the officers became enraged when, while they were questioning Thompson, he advised his son not to "say another word." Thompson testified that he complied with Mostert's initial request to step away from the scene, but cautioned Mostert not to be disrespectful. Mostert allegedly responded by stating that he could "do any f------ thing [he] want[ed] on [Thompson's] property." The officers allegedly arrested Thompson after he suggested that Mostert's shoulder microphone had recorded his threat. Thompson also testified that he did not resist being handcuffed, but the officers proceeded to force him to the ground and deploy a taser device into his back. If we accept as true Thompson's testimony, which we

3

must at this stage in the proceedings, see Hoyt v. Cooks, 672 F.3d 972, 977 (11th Cir. 2012), a reasonable jury could find that the officers violated Thompson's constitutional rights.

The officers argue that Thompson is collaterally estopped from arguing that they lacked probable cause to arrest him, but this argument fails. "[F]ederal courts considering whether to give preclusive effect to state court judgments must apply the State's law of collateral estoppel." Vazquez v. Metro. Dade Cnty., 968 F.2d 1101, 1106 (11th Cir. 1992). Under Florida law, collateral estoppel bars relitigation of the same issue between the same parties after it has been fully litigated. Topps v. State, 865 So. 2d 1253, 1255 (Fla. 2004); Stogniew v. McQueen, 656 So. 2d 917, 919 (Fla. 1995). There must be mutuality of parties even if the doctrine is being used defensively, E.C. v. Katz, 731 So. 2d 1268, 1270 (Fla. 1999) (discussing Stogniew), and an issue is not fully litigated if a "party, without fault on his/her part, is prevented from obtaining appellate review" of the judgment, Alvarez v. Cotarelo, 626 So. 2d 267, 268 (Fla. Dist. Ct. App. 1993). Thompson was charged in a Florida court for resisting arrest without violence and acquitted. The preliminary finding of a Florida court before Thompson's trial that the officers had probable cause to arrest Thompson does not bar litigation about whether the officers violated Thompson's constitutional rights. The officers were

4

not parties to Thompson's criminal proceeding, and because of his acquittal, Thompson was prevented from challenging the finding of probable cause.

The denial of Mostert's and Smoak's motions for summary judgment based on qualified immunity is **AFFIRMED**.