KLINGENSMITH, J.
Appellant, Provident Life and Accident Insurance Company (“Provident”), appeals a final judgment entered after a jury trial, which determined an onset date of disability for Dr. Peter Genovese (“Genovese”). This date differed from the onset date established by a special interrogatory jury verdict in an earlier trial between the *476 same parties. The question presented is whether that finding triggered collateral estoppel, thus preventing Genovese from re-litigating the onset date of disability as established in the earlier trial. We find that it does, and reverse. This court will not address the remaining points on appeal as this decision renders them moot.
Genovese obtained a disability policy from Provident that provided for both total and residual disability benefits. Under the terms of the policy, Genovese was entitled to receive lifetime benefits if he became “totally disabled” prior to his sixtieth birthday on November 19, 1997. However, if Genovese became totally disabled on or after his sixtieth birthday, he would be entitled to benefits only until age sixty-five. On November 12, 1997, Genovese submitted a claim for total disability benefits pursuant to his policy. As part of his claim, Genovese furnished Provident with an attending physician’s statement indicating that Genovese’s occupational restrictions and limitations began on November 14, 1997. In his answers to a supplementary statement of claim, Genovese indicated that he was hospitalized on December 8, 1997 and was unable to perform any of his duties at the clinic where he worked.
Almost two years later, Provident filed a declaratory judgment action (“Genovese I”) asserting that a “bona fide dispute” had arisen as to whether Genovese was totally disabled pursuant to the terms and conditions of his policy. Provident asked the court to decide whether Genovese was entitled to total or residual disability benefits, or whether he should return to Provident all benefits “paid to him with reservation of rights, together with unpaid premiums and interest thereon.” Ge-novese then filed a counterclaim against Provident alleging breach of contract based upon Provident’s denial of benefits.
During its rebuttal closing argument at trial, Provident argued that Genovese’s date of disability was December 8, 1997. At the jury charge conference, Provident’s counsel argued that the verdict form should include questions that asked whether Genovese was totally disabled, and, if so, the date on which they find he became totally disabled. Although Genovese argued that establishing a beginning date of disability was not necessary, the court stated that “the jury has to determine based on the facts when [Genovese’s] total disability began.” Soon after, counsel for Genovese suggested the following: “Maybe we can ask the jury a second question. If you find that Doctor Ge-novese was disabled, please tell us on what date he was unable to perform his substantial and material duties of his occupation and leave it to them.” Provident suggested a slight change to the wording of the second question, and Genovese’s counsel responded, “That’s cool, I can live with it. I can live with it.”
The final version of the verdict form read as follows:
We, the jury, return the following Verdict:
1. Was the Defendant/Counter-Plaintiff Peter R. Genovese, M.D., totally disabled and therefore unable to perform the material and substantial duties of his occupation due to sickness?
_YES_NO
If answer to Question # 1 is “No”, your verdict is for the PlaintiffiCoun-ter-Defendant, Provident Life and Accident Insurance Company. You should not proceed further except to date and sign this Verdict Form and return it to the courtroom. If you[r] answer to Question #1 is “Yes,” please answer Question # 2.
*477 2. What is the date that Defendant/Counter-Plaintiff Peter R. Genovese, M.D., became totally disabled and therefore unable to perform the material and substantial duties of his occupation due to sickness?
(Emphasis added). Ultimately, the jury found Genovese was totally disabled and assigned the date of disability as December 8, 1997, a date after his sixtieth birthday. Genovese’s post-trial motion to strike this finding from the verdict form was denied, and a final judgment was entered. This judgment did not include the jury’s finding regarding the onset date. Provident paid the judgment and provided Genovese with total disability benefits until his sixty-fifth birthday, advising Genovese that his benefits would be terminated at that time based upon the date of disability determined by the jury in Genovese I.
On November 22, 2002, Genovese filed the action from which this appeal arises; namely, a breach of contract related to Provident’s termination of Genovese’s benefits at age sixty-five (“Genovese II”). Provident raised collateral estoppel as an affirmative defense based upon the jury’s finding in Genovese I of the onset date of Genovese’s disability. Provident also filed a motion for summary judgment on Ge-novese’s breach of contract claim, arguing that the doctrine of collateral estoppel barred Genovese from re-litigating the question of when his disability commenced. In response, Genovese filed a cross-motion for summary judgment, arguing that collateral estoppel did not apply, because the issue of when he became totally disabled was not part of the prior action. In support, Genovese contended that in Genovese I, the date of disability was not framed as an issue in the pleadings, and there was no evidence offered on the issue at trial. After a hearing was held on the motions, the trial judge[1] denied Provident’s motion and granted Genovese’s cross-motion. As a result, the case proceeded to trial where Provident’s motion for directed verdict based on collateral estoppel was also denied. The jury in Genovese II ultimately found, by special interrogatory verdict, that Genovese became totally disabled on November 14,1997.[2]
The doctrine of collateral estop-pel — which is also known as issue preclusion and estoppel by judgment — bars re-litigation of identical issues between identical parties in two proceedings. Topps v. State, 865 So.2d 1253, 1255 (Fla.2004). The doctrine is intended to prevent repetitious litigation of what is essentially the same dispute. Zimmerman v. Fla., Office of Ins. Regulation, 944 So.2d 1163, 1166 (Fla. 4th DCA 2006). For the doctrine to apply, the following elements must be met: (1) an identical issue must be presented in a prior proceeding; (2) the issue must have been a critical and necessary part of the prior determination; (3) there must have been a full and fair opportunity to litigate the issue; (4) the parties in the two proceedings must be identical; and (5) the issues must have been actually litigated. Atria v. Hodor, 790 So.2d 1229, 1230 (Fla. 4th DCA 2001).
Here, there is no question the parties involved in Genovese I and Genovese II are identical. However, Genovese argues his claim in Genovese II was not barred by collateral estoppel because the issue of the *478 onset date of disability was not presented in the first trial, it was not a critical and necessary part of the prior determination, he did not have a full and fair opportunity to litigate it, and it was not actually litigated in Genovese I. We disagree.
The issues in Genovese II involved what date Genovese became totally disabled, and whether that date entitled him to lifetime benefits. In Genovese I, the parties stipulated that the sole issue to be litigated was whether or not Genovese was “totally disabled.” For that purpose, the trial judge in Genovese I noted that the case required a finding about the onset date of Genovese’s disability. Therefore, the identical factual issue was presented in both cases. Although that evidence was presented in Genovese I to substantiate a different claim than that ultimately presented in Genovese II, the jury’s determination of that factual issue meant it was actually adjudicated and became binding on the parties. See, e.g., Engle v. Liggett Group, Inc., 945 So.2d 1246 (Fla.2006); see also Rice-Lamar v. City of Fort Lauderdale, 853 So.2d 1125, 1131 (Fla. 4th DCA 2003) (issue preclusion “does not require prior litigation of an entire claim, only a particular issue”); Club & Cmty. Consulting Corp. v. Brown, 728 So.2d 822, 824 (Fla. 4th DCA 1999) (“The application of collateral estoppel does not require that the entire claim have been previously litigated, only that an issue have been litigated.”).
An issue is a critical and necessary part of the prior proceeding where its determination is essential to the ultimate decision. See Porter v. Saddlebrook Resorts, Inc., 679 So.2d 1212, 1215 (Fla. 2d DCA 1996). In the instant case, it appears that the trial court believed that the determination of an onset date was essential to the jury’s decision, and ordered a special interrogatory be presented to the jury to make that factual finding. Unfortunately, the entire transcript from Genovese I was not presented to this court to enable a thorough review. In the absence of a transcript of the proceedings, a reviewing court cannot disrupt a trial court’s factual findings, and is therefore limited to reviewing errors that are apparent on the face of the orders, pleadings, and other documents properly filed as part of the record on appeal. See, e.g., Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979). When deciding what facts have been litigated and adjudicated in pri- or proceedings, courts often look to the verdict forms to help decide the issue. See Acadia Partners, L.P. v. Tompkins, 673 So.2d 487, 488-89 (Fla. 5th DCA 1996); Seaboard Coast Line R.R. Co. v. Indus. Contracting Co., 260 So.2d 860, 864-65 (Fla. 4th DCA 1972). Therefore, the trial court’s submission of the issue by special interrogatory verdict to the jury is a prima facie indication that it was a critical and necessary part of Genovese I. This is further supported by the court’s denial of Genovese’s post-trial motion to strike that finding.
Both parties also had a full and fair opportunity to litigate the onset date in Genovese I, and the record shows it was actually litigated. Determining a date of onset was a subject of the parties’ pretrial motions and hearings before the court, the charge conference, closing arguments, and post-trial motions. From the record, it does not appear that this issue was introduced late in the proceedings as a surprise to Genovese.
Genovese argues further that a full and fair opportunity to litigate the onset date did not exist since he could not appeal from the judgment entered in Ge-novese I because he was the prevailing party and the onset date was not specifi *479 cally included in the judgment. However, the judgment signed by the court in Genovese I was proposed to the court by Genovese, not Provident. A party cannot successfully complain about an error for which he or she is responsible, or of rulings that he or she has invited the trial court to make. See Gupton v. Village Key & Saw Shop, Inc., 656 So.2d 475, 478 (Fla.1995); see also Held v. Held, 617 So.2d 358, 359-60 (Fla. 4th DCA 1993). As the judgment entered in Genovese II clearly demonstrates, had either party wanted the onset date included in the final judgment for the purposes of perfecting an appeal, they had the opportunity to submit such a proposed judgment to the court, or to request that language be added into the final judgment before its entry. Ge-novese’s perceived inability to appeal from the Genovese I final judgment due to this omission was a foreseeable potential outcome of counsel’s strategy in drafting the form of the judgment, and not a result of any error by the trial court. See Taylor v. Bateman, 927 So.2d 1024, 1026 (Fla. 4th DCA 2006). Because the trial court signed the proposed judgment prepared by Genovese in Genovese I, his inability to appeal that judgment or any findings of fact was entirely within his control.
Accordingly, we reverse the trial court’s denial of Provident’s motion for directed verdict and remand for entry of a directed verdict in favor of Provident in accordance with this opinion.

Reversed and Remanded.

STEVENSON and CIKLIN, JJ., concur.

. The judge who denied Provident's motion and granted Genovese’s cross-motion was not the same judge who tried Genovese I.

. Although the December 8, 1997 onset date was not specifically included in the form of the final judgment entered in Genovese I, the November 14, 1997 onset date was included in the Genovese II judgment.