DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LUCKY NATION, LLC,** and **NINA SOLONENKO,**
Appellants,

v.

**HASSAN AL-MAGHAZCHI,**
Appellee.

No. 4D14-4764

[January 6, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mily Rodriguez Powell, Judge; L.T. Case No. 14-009692 CACE (03).

Andrey Solonenko, Miramar, for appellants.

Steven M. Canter of Tucker & Tighe, P.A., Fort Lauderdale, for appellee.

LEVINE, J.

The issue is whether the doctrine of collateral estoppel bars appellants' quiet title action. We find collateral estoppel does not bar appellants' quiet title action because there is no identity of parties and the issue was never fully litigated in the prior case.

Lucky Nation, LLC, purchased the subject property after a homeowners association foreclosed on it. When Lucky Nation purchased the property, a mortgage encumbered it. Between the time Lucky Nation purchased the property and the certificate of title was issued, Bank of America initiated a foreclosure action against the original owners.

Nina Solonenko, the managing member of Lucky Nation, apparently did not know of the ongoing foreclosure case.[1] She allegedly learned of the foreclosure after the subject property was sold to Hassan Al-Maghazchi. Upon learning of the sale, Solonenko, pro se, objected and moved to vacate the judgment of foreclosure. She did not, however, move to intervene. The

---

[1] Lucky Nation deeded Solonenko one-half interest in the subject property.

trial court denied Solonenko's motion.

Lucky Nation and Solonenko initiated a new action against Al-Maghazchi and sought to quiet title. Al-Maghazchi moved for summary judgment. He argued the doctrine of collateral estoppel barred Lucky Nation and Solonenko's quiet title action because Solonenko had already litigated the issue when she had objected in the prior case. The trial court held collateral estoppel applied and granted summary judgment.

Appellants argue collateral estoppel does not bar their quiet title action. We agree and reverse because appellants were never parties to the prior action and because the trial court in the prior foreclosure case did not have subject matter jurisdiction to adjudicate the merits of a non-party's objection.

The standard of review is de novo for both an order granting summary judgment and a trial court's ruling concerning collateral estoppel. *Aronowitz v. Home Diagnostics, Inc.*, 174 So. 3d 1062, 1065 (Fla. 4th DCA 2015).

Collateral estoppel "bars re-litigation of identical issues between identical parties in two proceedings" so as to prevent "repetitious litigation of what is essentially the same dispute." *Provident Life & Accident Ins. Co. v. Genovese*, 138 So. 3d 474, 477 (Fla. 4th DCA 2014). Collateral estoppel has the following five elements, all of which must be met:

> (1) an identical issue must be presented in a prior proceeding; (2) the issue must have been a critical and necessary part of the prior determination; (3) there must have been a full and fair opportunity to litigate the issue; (4) the parties in the two proceedings must be identical; and (5) the issues must have been actually litigated.

*Id.* Our analysis concerns the fourth and fifth elements of collateral estoppel.

Solonenko never moved to intervene and, absent intervention, she was not an "actual party to the proceedings below." *Ezem v. Fed. Nat'l Mortg.*, 153 So. 3d 341, 343 (Fla. 1st DCA 2014); *YHT & Assocs., Inc. v. Nationstar Mortg. LLC*, 177 So. 3d 641 (Fla. 2d DCA 2015). Because Solonenko was a non-party to the prior proceeding, there was no identity of parties. Indeed, because Solonenko was never a party, she could not have even appealed the adverse judgment of the trial court. *See Barnett v. Barnett*, 705 So. 2d 63, 64 (Fla. 4th DCA 1997). Without the ability to appeal, the

2

issue could not have been fully litigated. *See Alvarez v. Cotarelo*, 626 So. 2d 267, 268 (Fla. 3d DCA 1993).

In addition, the court in the prior action never had subject matter jurisdiction to decide the merits of Solonenko's objection. For an issue to have been "fully litigated," a court of "competent jurisdiction" must enter a final decision. *Mobil Oil Corp. v. Shevin*, 354 So. 2d 372, 374 (Fla. 1977). Subject matter jurisdiction has two components: (1) "the power of the trial court to deal with the class of cases to which a particular case belongs" and (2) lawfully invoking the court's jurisdiction "by the filing of a proper pleading." *Garcia v. Stewart*, 906 So. 2d 1117, 1122 (Fla. 4th DCA 2005) (citation omitted). "Pleadings" include complaints, answers, and counterclaims, but a motion is not a pleading. *Id.* at 1123 (citing *Green v. Sun Harbor Homeowners' Ass'n*, 730 So. 2d 1261, 1263 (Fla. 1998)).

Although the trial court in the prior action undoubtedly had the power to "deal with the class of cases" to which Solonenko's objection belonged, Solonenko never invoked the trial court's jurisdiction "by the filing of a proper pleading." *See id.* at 1122. Rather, she objected and moved to vacate the foreclosure judgement. Therefore, because the trial court never had "competent jurisdiction" to decide the merits of Solonenko's objection and motion, the matter was not "actually litigated." *Genovese*, 138 So. 3d at 477; *see also Aronowitz*, 174 So. 3d at 1067 (stating that where an appellate court vacated a trial court's judgment, the trial court's judgment cannot be the basis for a collateral estoppel argument).

In summary, there is no identity of parties as Solonenko was never made a party to the prior proceeding. In addition, the issues were not actually litigated as the trial court lacked subject matter jurisdiction to adjudicate Solonenko's objection and motion. We therefore reverse the trial court's grant of summary judgment.

*Reversed.*

CIKLIN, C.J., and TAYLOR, J., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

3