DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LAMBERT BROTHERS, INC.,**
Appellant,

v.

**MID-PARK, INC.,**
Appellee.

No. 4D14-2840

[ February 24, 2016 ]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. 09065726 CACE 14.

John J. Shahady and Thomas R. Shahady of Kopelowitz Ostrow, Fort Lauderdale, for appellant.

Kathleen M. Krak of Shutts & Bowen LLP, Orlando, for appellee.

TAYLOR, J.

This appeal by Lambert Brothers, Inc. involves a dispute over liability for sales and use taxes assessed by the Florida Department of Revenue for the installation of steel gantries at the Sawgrass Expressway Deerfield Mainline Toll Plaza. Lambert argues that its subcontractor, Mid-Park, Inc., installed the gantries and was therefore liable for the taxes under their contract. Because issues of fact remain as to who installed the gantries, we reverse the final summary judgment entered in favor of Mid-Park.

In March 2007, Lambert Brothers ("Lambert") entered into a contract with Community Asphalt Corporation to provide services related to the construction of a toll plaza. A portion of the work on this project included supplying and installing steel gantries. Mid-Park submitted a bid to Lambert, and the parties entered into a contract in which Mid-Park agreed to manufacture and deliver the steel gantries and, according to Lambert, install them and pay taxes incurred in the performance of its work. The contract stated in pertinent part:

The Subcontract price includes and Subcontractor shall pay all license fees, assessments and permit charges based upon or measured by the work to be done hereunder, labor performed, materials furnished, and/or services rendered, including but not limited to, business license taxes, occupation, gross receipts and like taxes, arising out of the ownership, acquisition, furnishing, installation, inspections or use of materials, equipment, or other personal property, or furnishing labor or services in respect to the subcontract work.

The scope of the work to be performed by the subcontractor was described in an attached exhibit which stated in relevant part:

Subcontractor shall furnish all labor, material, equipment, supervision, protection, unloading, jobsite distribution, freight, taxes, and cost escalation required to provide a complete and safe project until acceptance by owner as set forth in the Contract Documents and also as detailed below: *Furnish and Install Steel Toll Gantries.*

(Emphasis added).

In August 2008, the Florida Department of Revenue ("FDOR") contacted Lambert regarding an outstanding sales and use tax on the gantries in the amount of $77,654.56. Lambert immediately contacted Mid-Park regarding the tax assessment, explaining that their subcontract price included the tax and that Mid-Park was responsible for ensuring that the tax was paid. Lambert also warned Mid-Park that if it failed to pay the outstanding sales and use tax, Mid-Park would be back-charged for that amount.

Lambert informed the FDOR that Mid-Park's bid included sales and use tax and that Mid-Park had installed the gantries. In addition, Lambert provided the FDOR with a copy of the contract stating that Mid-Park would "Furnish and Install" the gantries. Around the same time, Mid-Park contacted the FDOR and informed them that the "Install" language in the subcontract was a scrivener's error and that Mid-Park did not install the gantries but only manufactured them. Mid-Park also told the FDOR that its bid specifically excluded the tax.

After receiving a Notice of Intent to Make an Assessment from the FDOR, Lambert sent several letters to Mid-Park inquiring about the tax payment and informing Mid-Park about a telephone hearing it had scheduled with the FDOR. Mid-Park did not participate in the telephone

2

hearing, and no testimony or evidence was presented at the hearing.

The FDOR sent Lambert a Notice of Final Assessment. Lambert paid the $77,654.56 to avoid having a lien placed on the project or having its accounts seized. After paying the tax, Lambert sent a letter to Mid-Park advising that it was liable for the taxes and demanding reimbursement. When Mid-Park refused to pay the taxes, Lambert "back-charged" or withheld $77,654.56 from the payments it owed to Mid-Park.

Mid-Park filed a breach of contract action against Lambert, alleging that Lambert improperly withheld monies due Mid-Park and seeking to recover the back-charged amount. Mid-Park and Lambert filed competing motions for summary judgment. In its summary judgment motion, Lambert alleged that Mid-Park installed the gantries and was liable for the taxes under FDOR regulations and the unambiguous language of their subcontract. Mid-Park asserted that Lambert was precluded by collateral estoppel from re-litigating the tax liability issue because of Lambert's payment of the disputed tax after the FDOR investigation and informal hearing.

After a hearing on the motions for summary judgment, the trial court denied Lambert's motion for summary judgment and granted Mid-Park's motion. The trial court determined that: (1) collateral estoppel barred re-litigation of the tax liability issue, and (2) Mid-Park owed no taxes under the parties' subcontract and Florida's tax code because Mid-Park did not install the gantries and create a "taxable event."

Florida law requires a contractor that furnishes and installs materials that are incorporated into a public works project to pay a sales and use tax. *See* § 212.06, Fla. Stat. (2008); Fla. Admin. Code R. 12A-1.094. The sales and use tax is triggered only when the items are installed onto public property. *See* Fla. Admin. Code R. 12A-1.094. Here, both parties claimed that the other party actually installed the steel gantries at the toll plaza and incurred taxes in the performance of its work. According to Lambert, Mid-Park employees were on the construction site and installed portions of the gantries over a period of several months. Mid-Park, on the other hand, maintained that it merely assembled parts onto the gantry columns and trusses and that Lambert erected and installed them at the project site.

The standard of review for an order granting summary judgment is *de novo. Eco-Tradition, LLC v. Pennzoil-Quaker State Co.*, 137 So. 3d 495, 496 (Fla. 4th DCA 2014). "[A]n appellate court must examine the record in the light most favorable to the non-moving party." *Wolf v. Sam's E., Inc.*, 132 So. 3d 305, 307 (Fla. 4th DCA 2014) (citation omitted). Summary

judgment should be entered only when there is no genuine issue of material fact. *Jaffer v. Chase Home Fin., LLC*, 155 So. 3d 1199, 1201 (Fla. 4th DCA 2015).

From the outset, we reject Mid-Park's contention that collateral estoppel precluded Lambert from re-litigating the issue of who installed the gantries. "The doctrine of collateral estoppel—which is also known as issue preclusion and estoppel by judgment—bars re-litigation of identical issues between identical parties in two proceedings." *Provident Life & Accident Ins. Co. v. Genovese*, 138 So. 3d 474, 477 (Fla. 4th DCA 2014). For the collateral estoppel doctrine to apply, "the following elements must be met: (1) an identical issue must be presented in a prior proceeding; (2) the issue must have been a critical and necessary part of the prior determination; (3) there must have been a full and fair opportunity to litigate the issue; (4) the parties in the two proceedings must be identical; and (5) the issues must have been actually litigated." *Id.* In sum, the particular matter must be "fully litigated and determined in a contest which results in a final decision of a court of competent jurisdiction." *Rice-Lamar v. City of Fort Lauderdale*, 853 So. 2d 1125, 1131 (Fla. 4th DCA 2003).

"'[T]he principles of res judicata [and collateral estoppel] do not always nearly fit within the scope of administrative proceedings' and should be applied with great caution." *Emiddio v. Fla. Office of Fin. Regulation*, 147 So. 3d 587, 590 (Fla. 4th DCA 2014) (quoting *Thomson v. Dep't of Envtl. Regulation*, 511 So. 2d 989, 991 (Fla. 1987)). As the Florida Supreme Court observed in *Thomson*, "administrative procedures are often summary, parties are sometimes unrepresented by counsel, and permitting a second consideration of the same question may frequently be supported by other similar reasons which are inapplicable to judicial proceedings." 511 So. 2d at 991 (quoting Kenneth Culp Davis, *Administrative Law Treatise* § 18.01, at 545-46 (1958)).

Collateral estoppel does not apply in this case because issues regarding who installed gantries were not actually litigated at the informal administrative hearing nor determined based on any admissible evidence. Further, there was no identity of the parties. Mid-Park was not a party to the FDOR tax notice and hearing. The tax assessments were addressed only to Lambert.

We agree with Lambert that the trial court's determination that Mid-Park did not install the gantries and create a taxable event was improper at the summary judgment stage. The unambiguous terms of the subcontract between the parties obligated Mid-Park to furnish and install

4

the gantries and to pay all relevant taxes. Here, the record shows that there was a clear dispute as to which party actually installed the gantries.

We therefore reverse the Final Summary Judgment entered in favor of Mid-Park and remand for further proceedings.

*Reversed and Remanded for further proceedings.*

WARNER and FORST, JJ., concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***