**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 19 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROB D. NEW, | No. 25-319 |
| Plaintiff - Appellee, | D.C. No. 2:24-cv-08497-DSF-JPR |
| v. | |
| JPMORGAN CHASE BANK, N.A., | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted February 13, 2026**
Pasadena, California

Before: TALLMAN, VANDYKE, and TUNG, Circuit Judges.

JPMorgan Chase Bank, N.A. ("Chase") appeals from the district court's

order denying its motion to compel Plaintiff Robert New to arbitration. We have

jurisdiction under 9 U.S.C. § 16. We review de novo the district court's decision

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

to deny a motion to compel arbitration, and for clear error any factual findings underlying that decision. *Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021, 1028 (9th Cir. 2022). We affirm.

1. The district court properly determined that issue preclusion does not apply to compel New to arbitration. The issue presented in this action and the issue presented in a previous action brought by Worldwide Film Productions, LLC ("Worldwide") are not identical. *See Love v. Villacana*, 73 F.4th 751, 754 (9th Cir. 2023) (setting forth the elements of issue preclusion); *DKN Holdings LLC v. Faerber*, 352 P.3d 378, 387 (Cal. 2015) (same); *Lambert Bros. Inc. v. Mid-Park, Inc.*, 185 So. 3d 1266, 1269 (Fla. Dist. Ct. App. 2016) (same). In the Worldwide action, the issue was whether a non-signatory to the Funding Agreement (Chase) could compel a signatory (Worldwide) to arbitration. Here, the issue is whether a non-signatory (Chase) can compel *another non-signatory* (New) to arbitration.

2. The district court properly determined that whether New and Chase formed a valid arbitration agreement is a question for the court, not the arbitrator, to decide. *See Caremark*, 43 F.4th at 1030 ("[I]ssues reserved to the courts for decision 'always include' whether an arbitration agreement was formed, even in the presence of a delegation clause." (quoting *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 297 (2010))).

3. The district court properly determined that, under Florida law, New is not bound to arbitrate pursuant to the Funding Agreement's arbitration provision.

First, equitable estoppel does not apply because New did not sign the Funding Agreement, and does not assert any rights under it. *See Koechli v. BIP Int'l, Inc.*, 870 So. 2d 940, 944 (Fla. Dist. Ct. App. 2004) ("A non-signatory . . . should be permitted to compel arbitration . . . 'when the *signatory* to the contract containing a[n] arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the non[-]signatory and one or more of the signatories to the contract.'" (emphasis added) (quoting *Westmoreland v. Sadoux*, 299 F.3d 462, 467 (5th Cir. 2002))); *United Contractors, Inc. v. United Constr. Corp.*, 187 So. 2d 695, 701–02 (Fla. Dist. Ct. App. 1966) (explaining that equitable estoppel precludes a person from asserting rights under a contract and, at the same time, renouncing "the burdens which that contract places upon him" (quoting *Warren v. Tampa Mortg. Invs.' Co.*, 150 So. 738, 741 (Fla. 1933))).

Second, Chase's Confirmation Letter does not incorporate the Funding Agreement by reference because it does not evince New's intent to be bound by the Funding Agreement. *See Calderon v. Sixt Rent a Car, LLC*, 114 F.4th 1190, 1201–02 (11th Cir. 2024) (setting forth the elements of incorporation by reference under Florida law).

Third, assumption does not apply because neither New nor Chase signed the Funding Agreement. New did not sign a document by which he assumed Worldwide's duties and responsibilities. Nor did he sign a document evincing his intent to affirm the Funding Agreement or be bound by its provisions. *Cf. Emps. Ins. of Wausau v. Bright Metal Specialties, Inc.*, 251 F.3d 1316, 1322–26 (11th Cir. 2001) (determining that a signatory could enforce an arbitration provision against a non-signatory where the non-signatory signed a takeover agreement (by which it assumed another signatory's duties and responsibilities under the original contract), a ratification agreement (that evinced its intent to affirm the original contract containing the arbitration provision), and a completion contract (that allowed the non-signatory to assign its rights in the original contract)).

**AFFIRMED.**